STATE, Respondent, vs. SULLIVAN, Appellant.

*September 18—October 13, 1942.*

The cause was submitted for the appellant on the brief of *Lucius A. Squire* and *M. M. Morrissey,* both of Madison, and for the respondent on the brief of the *Attorney General, William A. Platz,* assistant attorney general, and *Charles P. Curran,* district attorney of Juneau county.

FOWLER, J. The minimum sentence prescribed by the assault statute above referred to is imprisonment for one year in the state's prison and the maximum such imprisonment for ten years. The repeater statute provides that when a previous conviction of a felony is pleaded the court on conviction may impose a punishment of imprisonment in the state's prison "not less than the shortest time fixed for such [the] offense

and not more than twenty-five years." Sec. 359.05, Stats., provides that in cases where for the offense involved the maximum sentence of imprisonment is less than twenty years the court in imposing sentence "may fix a term less than the maximum prescribed by law for the offense, and the form of the sentence shall be substantially as follows: 'You are hereby sentenced to the state prison . . . for a general indeterminate term of not less than —— (the minimum as fixed by the law for the offense) years, and not more than —— (the maximum as fixed by the court) years.' " The section also provides that such sentence shall have the force and effect of the maximum term subject to provisions for parole prescribed. The trial court under this statute imposed a "general indeterminate term" of imprisonment in the state prison "of not less than one nor more than twenty-five years." Sec. 57.06, Stats. 1939, provides for paroling a convict to the state's prison upon specified conditions when he "shall have served at least one half of the term for which he was sentenced, not deducting any allowance of time for good behavior."

The defendant contends that because of the twenty-five-year sentence here involved the defendant is not subject to parole until he has served twelve and a half years of his sentence, whereas under the statute prescribing the penalty for the offense charged he would be subject to parole after five years of service. We do not perceive that this, if so, at all affects the legality of the sentence. Whether it affects defendant's right to parole is not now before us.

The defendant contends that the information charges the prior conviction as a separate offense or count, and that this is reversible error. To this it is sufficient to say that the information is not subject to such construction as in one paragraph it plainly states an offense under the assault with intent to rape statute. Then follows another paragraph prefaced with the words "And further" which states previous conviction of a felony and that the conviction is unreversed. This is strictly

in accordance with sec. 359.12, Stats. There is no designation of the second paragraph as a "count." And if there were this would not make it so. The statement of a previous conviction does not constitute a separate count. *Dahlgren v. State,* 163 Wis. 141, 157 N. W. 531. The contention is entirely without merit.

Counsel contend that the twenty-five-year sentence violates sec. 6, art. I, of the Wisconsin constitution, which prohibits "cruel and unusual punishments." Imprisonment in the state's prison is certainly not "cruel and unusual," and that the penalty is increased because of the prior conviction does not make it so. In *In re Rosencrantz,* 205 Cal. 534, 271 Pac. 902, a statute imposing life imprisonment without parole on conviction of a fourth felony was held not to impose cruel and unusual punishment. While there is no decision of this court upon the point, decisions elsewhere are all to the effect that punishments under repeater statutes do not violate a constitutional prohibition against such punishments. See 58 A. L. R. 25; 82 A. L. R. 349; 116 A. L. R. 212.

Counsel contend that the court should of its own motion under sec. 251.09, Stats., order a new trial in the interests of justice. We have read the testimony in the instant case, and it clearly supports the inference that the defendant committed an attack that was both violent and persistent, and with intent as charged. It was within the discretion of the court to impose the extreme penalty permissible under the repeater statute. This court does not order new trials because of severity of sentences that are within the discretion of the trial court to impose. Nor does it under sec. 251.17, Stats., as counsel suggest it may, impose a sentence deemed by it proper if the sentence of the trial court is more severe than it would have itself imposed if it had been the trial court.

*By the Court.*—The judgment and sentence of the trial court are affirmed.