HANSON, Plaintiff in error, v. STATE, Defendant in error.

*No. State 6.  Argued September 11, 1970.—Decided October 6, 1970.*
(Also reported in 179 N. W. 2d 909.)

For the plaintiff in error there was a brief by *Thomas M. Anich* of Ashland, attorney, and *Lewis A. Posekany, Jr.,* of Milwaukee, of counsel, and oral argument by *Mr. Anich.*

For the defendant in error the cause was argued by *Mary V. Bowman,* assistant attorney general, with whom on the brief were *Robert W. Warren,* attorney general, *William A. Platz,* assistant attorney general, and *William E. Chase,* district attorney of Ashland county.

CONNOR T. HANSEN, J. The issues raised on this appeal relate to (1) imposition of sentences under sec. 939.62, Stats., "Increased penalty for habitual criminality," and (2) presentence reports.

Defendant was originally charged with burglary. The glass door in a store was found broken and two boxes of candy were missing from the shop. After a preliminary examination before the county judge, defendant was bound over to trial in circuit court. Defendant stated that after leaving a tavern, he was walking down a street and fell against a store window. The window broke, he fell inside, and the next thing he remembered

was carrying two boxes of candy bars, which he took back to his hotel room.

Thereafter the complaint was amended and an information filed charging the defendant with the theft and further alleging the information relating to his prior criminal record, pursuant to the provisions of sec. 939.62, Stats.

### Sentence under repeater statute.

Defendant contends that the three-year indeterminate sentence imposed constitutes cruel and unusual punishment in violation of the eighth amendment of the Constitution of the United States and of art. I, sec. 6 of the Wisconsin Constitution. Punishment imposed under statutes providing for increased penalties for habitual criminals or subsequent offenders does not in itself constitute cruel and unusual punishment. *Graham v. West Virginia* (1912), 224 U. S. 616, 32 Sup. Ct. 583, 56 L. Ed. 917; *State v. Sullivan* (1942), 241 Wis. 276, 5 N. W. 2d 798. Defendant argues that the sentence in this case is unconstitutional in that it is disproportionate to the offense committed because of its excessive length. Although constitutional prohibition against cruel and unusual punishment is primarily aimed at the kind of punishment imposed rather than the length, when the duration of a sentence is greatly disproportionate to the offense committed it may constitute cruel and unusual punishment. The standard for determining whether a particular prison sentence constitutes cruel and unusual punishment because of its length is whether it is " ' "so excessive and unusual, and so disproportionate to the offense committed, as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances." ' " *State v. Pratt* (1967), 36 Wis. 2d 312, 322, 153 N. W. 2d 18.

The theft offense of which defendant was convicted carries a six-month maximum sentence. However, because the defendant was convicted of four counts of forgery in October, 1965, he was a repeater as defined by sec. 939.62 (2), Stats. Sec. 939.62 (1) (a) provides that where the present conviction is one for which the maximum sentence is one year or less, the sentence may be increased to three years where the defendant is a repeater. Thus the sentence imposed on defendant was the statutory maximum.

A trial judge clearly has discretion in determining the length of a sentence within the permissible range set by statute. The standard by which cruel and unusual punishment is determined does not preclude a sentence within the permissible statutory range from constituting cruel and unusual punishment and thus a reversible abuse of discretion on the part of the trial judge. However, this court has stated many times that review of a sentence of a lower court is guided by a strong policy against interference with the lower court's discretion. *Cheney v. State* (1969), 44 Wis. 2d 454, 468, 171 N. W. 2d 339, 174 N. W. 2d 1; *Finger v. State* (1968), 40 Wis. 2d 103, 111, 161 N. W. 2d 272.

Defendant argues that imposition of the maximum three-year sentence under sec. 939.62 (1) (a), Stats., because the present offense only involves theft of two boxes of candy, is cruel and unusual. We do not agree. Defendant's sentence was not imposed solely because of the instant theft, but also because of the defendant's prior felonious criminal conduct.

In *Block v. State* (1968), 41 Wis. 2d 205, 212, 213, 163 N. W. 2d 196, this court reviewed a sentence imposed under sec. 939.62 (1) (a), Stats., on a defendant convicted of disorderly conduct and stated:

"We consider there is no merit in the argument that the sentence imposed was an abuse of discretion. . . . [I]t must be remembered the repeater statute was passed

for the very purpose of increasing the punishment of those persons who do not learn their lesson or profit by the lesser punishment given for their prior violations of the criminal laws."

The trial court did not abuse its discretion in imposing the maximum sentence under the repeater statute.

The defendant also alleges sec. 939.62 (1), Stats., is unconstitutional as arbitrary and unreasonable on its face. This assertion must be based upon possible sentences that could be imposed under subsections (a), (b) and (c). It is argued that if the present crime provides for a maximum term of one year, the offender could be sentenced to a longer term than if the present offense were a felony. This argument speaks in terms of various possible sentences that could be imposed under the repeater statutes and not in terms of maximum additional increments of sentence. The fact that such a possibility exists does not make the statute arbitrary and unreasonable.

The maximum sentences established by the statute are not unreasonable and arbitrary, and all increases in sentences imposed under the repeater statute are discretionary with the trial judge within the maximum limits. It does not follow that the statute is unreasonable and arbitrary on its face simply because different results may be reached in its application.

### Presentence report.

In raising this issue, the defendant argues that the use of the presentence report by the trial court deprived him of his constitutional right to due process and to be confronted by the witnesses against him.

The constitutionality of the use of presentence reports was upheld by the United States Supreme Court in *Williams v. New York* (1949), 337 U. S. 241, 69 Sup. Ct. 1079, 93 L. Ed. 1337. This court has likewise rejected

the contention that the use of a presentence deprived the defendant of his constitutional rights.

"In relying upon the right of confrontation, defendant overlooks the distinction between the determination of guilt and the exercise of the court's discretion as to probation or extent of punishment. The right 'to meet the witnesses face to face' guaranteed by sec. 7, art. I, Wis. Const., and the standards of fair trial embraced within the concept of due process of law in the Fourteenth amendment, U. S. Const., must be fully respected where the question for consideration is the guilt or innocence of the accused. Once the defendant has been found guilty, he is 'subject to whatever loss of liberty the legislature has prescribed for his crime.' *State ex rel. Volden v. Haas* (1953), 264 Wis. 127, 130, 58 N. W. (2d) 577. That consideration by the court of a confidential report of presentence investigation does not violate a defendant's constitutional rights was settled for Wisconsin in the *Volden Case* and settled with respect to the due-process clause in *Williams v. New York* (1949), 337 U. S. 241, 69 Sup. Ct. 1079, 93 L. Ed. 1337." *State v. Carli* (1957), 2 Wis. 2d 429, 440b, 86 N. W. 2d 434, 87 N. W. 2d 830.

Also in *Waddell v. State* (1964), 24 Wis. 2d 364, 129 N. W. 2d 201, this court again rejected a constitutional challenge to the use of a presentence report by a trial judge. In *Lehmann v. State* (1968), 39 Wis. 2d 619, 159 N. W. 2d 607, the court, relying on *Waddell v. State, supra,* refused to invalidate a sentence because a trial judge made use of a presentence report.

It is argued that the use of a presentence report in a criminal case is analogous to the use of such a report in the case of a sex offender found to be in need of specialized treatment and commitment pursuant to the Sex Crimes Act, sec. 959.15, Stats. We do not agree. *Huebner v. State* (1967), 33 Wis. 2d 505, 147 N. W. 2d 646, and *Specht v. Patterson* (1967), 386 U. S. 605, 87 Sup. Ct. 1209, 18 L. Ed. 2d 326, are both expressly limited to commitments under special acts concerning sex

offenders. Each case points out the difference between commitment under special acts relating to certain sex crimes and usual criminal sentencing procedure.

In the case now before us, we find no denial of due process in the procedure used by the court in sentencing. At the time of defendant's arraignment, the court directed that a presentence investigation be made. Defendant's counsel recommended that the court direct the department of health and social services to include in the report a psychiatric evaluation of the relationship between the defendant's drinking and his difficulties with the law. The court, however, left the matter to the discretion of the department of health and social services rather than making a specific order. Defendant's counsel was later informed by the local probation officer that on the basis of his past associations with the defendant, a psychiatric study was not necessary and would not be included in the presentence report. Defendant's counsel was given an opportunity to see the report the morning of the day of the sentencing hearing. The probation officers' report was essentially a catalog of the defendant's prior offenses. Defendant's counsel stated, prior to sentencing, that it did not tell the court anything not already known, and urged that the court order a psychiatric evaluation.

Counsel does not contend that there were any inaccuracies in the report. His sole objection is that the report was inadequate because it did not include a psychiatric evaluation. Defense counsel was aware that the psychiatric evaluation would not be included in the report prior to the time he saw the presentence report on the morning of the sentencing hearing. At the hearing, he recommended that the court order a psychiatric evaluation before sentencing the defendant. The court, however, relied on the judgment of the probation officer and refused to order a psychiatric examination. Defendant was not denied due process of law either be-

cause the presentence report did not include a psychiatric evaluation or because the trial judge refused to order one.

In *Waddell v. State, supra,* page 368, this court stated:

"Whether this court should hold that, as a matter of law, the sentencing court must make the complete report, or any part of such report, available to the defendant and his counsel to permit them to offer rebuttal information or to make counterargument, is a matter we need not decide here since in the instant case the trial court made the entire presentence report available to defense counsel prior to the hearing on sentence. Neither the defendant nor his counsel offered any rebuttal information or argument and there was no abuse of discretion in the court's use of this information."

The same situation exists in this case.

We take this occasion to refer to ch. 255 of the Laws of the 1969 Wisconsin legislature, known as "Title XLVII, Criminal Procedure," which became effective July 1, 1970. Our attention has been directed to sec. 972.15, Stats., *Presentence investigation.*[1] Although presentence investigation after a finding of guilty has been the practice in this state for many years, it is now given

---

[1] "(1) After conviction the court may order a presentence investigation.

"(2) When a presentence investigation report has been received the judge shall disclose the contents of the report to the defendant's attorney and to the district attorney prior to sentencing. When the defendant is not represented by an attorney, the contents shall be disclosed to the defendant.

"(3) The judge may conceal the identity of any person who provided information in the presentence investigation report.

"(4) After sentencing, unless otherwise ordered by the court, the presentence investigation report shall be confidential and shall not be made available to any person except upon specific authorization of the court."

*See also: Standards Relating to Sentencing Alternatives and Procedures,* American Bar Association Project on Minimum Standards for Criminal Justice, sec. 4.4 (a) and (b), pp. 213, 214, and sec. 4.5 (a), p. 226.

statutory recognition which establishes guidelines for its use.

We also note that the presentence report is not a part of the record in this case.[2]

*By the Court.*—Judgment affirmed.

---

[2] *See: Embry v. State* (1970), 46 Wis. 2d 151, 174 N. W. 2d 521; *Denny v. State* (1970), 47 Wis. 2d 541, 178 N. W. 2d 38, both decided after the present case was before the trial court.