STATE of Wisconsin, Plaintiff-Respondent,

v.

Britton D. McKENZIE, Defendant-Appellant. †

Court of Appeals

*No. 89-0013. Submitted on briefs June 7, 1989.—Decided July 26, 1989.*

(Also reported in 446 N.W.2d 77.)

† Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Jack E. Schairer,* assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *Judy Schwaemle,* assistant district attorney.

Before Gartzke, P.J., Dykman and Eich, JJ.

DYKMAN, J.   Britton McKenzie appeals from a judgment of conviction and from a circuit court order denying his motion for postconviction relief. The issue is whether sec. 939.62, Stats.,[1] providing increased penal-

---

[1] Section 939.62(1), Stats., provides:

If the actor is a repeater, as that term is defined in sub. (2), and the present conviction is for any crime for which imprisonment may be imposed (except for an escape under s. 946.42) the maximum term of imprisonment prescribed by law for that crime may be increased as follows:

(a)  A maximum term of one year or less may be increased to not more than 3 years.

(b)  A maximum term of more than one year but not more than 10 years may be increased by not more than 2 years if the prior convictions were for misdemeanors and by not more than 6 years if the prior conviction was for a felony.

(c)  A maximum term of more than 10 years may be increased

ties for habitual criminality, violates the equal protection clause of the fourteenth amendment to the United States Constitution. Because the statutory scheme of sec. 939.62 is rational, we affirm.

McKenzie was charged with lewd and lascivious behavior under sec. 944.20(2), Stats., and with obstructing an officer under sec. 946.41, Stats. Both offenses are Class A misdemeanors. McKenzie was charged as a repeater under sec. 939.62(1), Stats., because, during the previous five years, he had been convicted of five misdemeanor counts of lewd and lascivious behavior.[2] The trial court imposed a three-year enhanced sentence for the lewd and lascivious behavior conviction and a one-year enhanced sentence for the obstructing an officer conviction.

McKenzie filed a postconviction motion, alleging in part that the sentence provisions of sec. 939.62, Stats., were irrational, thereby violating the equal protection clause of the fourteenth amendment, because a misdemeanor repeater could receive a greater enhanced sentence for a misdemeanor than for a felony. The circuit court held sec. 939.62 to be constitutional and denied the motion for postconviction relief. McKenzie appeals.

The constitutionality of a statute is a question of law which this court reviews de novo. *State ex rel. Jones*

---

by not more than 2 years if the prior convictions were for misdemeanors and by not more than 10 years if the prior conviction was for a felony.

[2]*See* sec. 939.62(2), Stats., which provides in pertinent part:

The actor is a repeater if he was convicted of a felony during the 5-year period immediately preceding the commission of the crime for which he presently is being sentenced, or if he was convicted of a misdemeanor on 3 separate occasions during that same period, which convictions remain of record and unreversed.

*v. Gerhardstein,* 141 Wis. 2d 710, 733, 416 N.W.2d 883, 892 (1987). "One challenging the constitutionality of a statute bears a heavy burden. All statutes are presumed to be constitutional, and the challenger must prove unconstitutionality beyond a reasonable doubt." *State v. Peck,* 143 Wis. 2d 624, 636, 422 N.W.2d 160, 165 (Ct. App. 1988) (citation omitted).

Under an equal protection analysis, we will uphold a challenged statute if a rational basis exists to support the classification, unless the statute impinges on a fundamental right or creates a classification based on a suspect criterion. *Racine Steel Castings v. Hardy,* 144 Wis. 2d 553, 560, 426 N.W.2d 33, 35 (1988). We will examine sec. 939.62, Stats., under the rational basis test because the present case involves neither a fundamental right nor a suspect criterion. Under the rational basis analysis, "[e]qual protection of the law is denied only where the legislature has made irrational or arbitrary classification . . .. The basic test is not whether some inequality results from the classification, but whether there exists any reasonable basis to justify the classification." *Racine Steel Castings,* 144 Wis. 2d at 560, 426 N.W.2d at 35 (citations omitted).

McKenzie challenges sec. 939.62, Stats., Wisconsin's habitual criminality statute, on two grounds. Relying on *State v. Asfoor,* 75 Wis. 2d 411, 249 N.W.2d 529 (1977), McKenzie contends that it is irrational, and thus unconstitutional, that the statute exposes a misdemeanor repeater[3] charged with a Class C misdemeanor

[3]In this opinion, the term "misdemeanor repeater" refers to a person who has been convicted of a misdemeanor on 3 separate occasions during the 5-year period immediately preceding the commission of the crime for which he presently is being sentenced. Sec. 939.62(2), Stats.

779

to greater punishment than a misdemeanor repeater charged with a more serious misdemeanor.

McKenzie points out that Class A, B, and C misdemeanors have maximum sentences of nine months, ninety days and thirty days, respectively. Sec. 939.51(3), Stats. A misdemeanor repeater, on committing another misdemeanor, can have his or her sentence increased up to maximum of three years. Sec. 939.62(1)(a). This three-year maximum is available regardless of whether the current conviction is for a Class A, B, or C misdemeanor. Thus, a misdemeanor repeater charged with the less serious Class C misdemeanor can have his or her sentence enhanced up to two years and eleven months, whereas a repeater charged with the more serious Class A misdemeanor can have his or her sentence enhanced up to two years and three months. McKenzie argues that this result is irrational. We disagree.

The legislature has decided to treat repeat misdemeanor offenders differently from non-repeat misdemeanor offenders. "The infliction of more severe punishment for a repeater is based upon his persistent violation of the law after conviction for previous infractions." *State v. Midell,* 40 Wis. 2d 516, 527, 162 N.W.2d 54, 59 (1968). The purpose of the repeater statute "is to increase the punishment of persons who fail to learn to respect the law after suffering the initial penalties and embarrassment of conviction." *State v. Banks,* 105 Wis. 2d 32, 49, 313 N.W.2d 67, 75 (1981). Accordingly, the legislature has decided that *all* misdemeanor repeaters are subject to a maximum sentence of three years. Because sec. 939.62, Stats., is designed to deter habitual criminality, the particular class of misdemeanor the repeater has committed is irrelevant. The crime itself is not as important as the fact that it is but one in a series

of crimes the offender has committed. Section 939.62 is not irrational because it subjects all repeat misdemeanor offenders to the same maximum sentence.

McKenzie also argues that sec. 939.62, Stats., is unconstitutional because it provides greater enhancement for a misdemeanor repeater who commits another misdemeanor than for a misdemeanor repeater who commits a felony. McKenzie points out that, under secs. 939.62(1)(b) and (c), a misdemeanor repeater who commits a felony is subject to an enhanced term of no more than two years. However, under sec. 939.62(1)(a), a misdemeanor repeater who commits another misdemeanor is subject to an enhanced term from two years and three months to two years and eleven months, depending on the class of misdemeanor for which the repeater is being sentenced.

■

The supreme court considered the argument that McKenzie now raises in *Hanson v. State*, 48 Wis. 2d 203, 179 N.W.2d 909 (1970). Like McKenzie, Hanson argued that sec. 939.62, Stats., was arbitrary and unreasonable because a misdemeanor repeater could receive a greater enhanced term for committing another misdemeanor than for committing a felony.[4] The *Hanson* court

---

[4]The defendant in *Hanson* argued:

> A repeater statute must be somewhat arbitrary by its nature as definitive lines must be drawn somewhere. However, it is somewhat unreasonable to say that one who has committed a felony and then a misdemeanor or three misdemeanors and then another misdemeanor can have his sentence increased to *up to three years,* while one who has committed three misdemeanors and then a felony, regardless of how serious, can have his sentence increased only *up to two years.* The object of this repeater statute is to deter recidivism. This being so, one who commits a series of crimes in an increasing order of seriousness would require stronger punishment than one who commits a series of crimes in a decreasing order of seriousness.

rejected this argument. It said:

> This argument speaks in terms of various possible sentences that could be imposed under the repeater statutes and not in terms of maximum additional increments of sentence. The fact that such a possibility exists does not make the statute arbitrary and unreasonable.
>
> The maximum sentences established by the statute are not unreasonable and arbitrary, and all increases in sentences imposed under the repeater statute are discretionary with the trial judge within the maximum limits. It does not follow that the statute is unreasonable and arbitrary on its face simply because different results may be reached in its application.

*Hanson,* 48 Wis. 2d at 208, 179 N.W.2d at 912. Because the supreme court's holding in *Hanson* controls the present case, McKenzie's equal protection claim fails.

*By the Court.*—Judgment and order affirmed.

---

> It is patently unfair to increase a defendant's sentence on a misdemeanor due to a prior felony conviction by two and one-half years when one who commits the same felony with a record of prior misdemeanor convictions can only have his sentence increased by only two years. Under our present repeater statute, the latter can receive less aggregate connective punishment than the former, despite the fact that [sic] latter has what must be considered a worse aggregate record of criminal conduct.

Defendant's Brief at 14–15, *Hanson v. State,* 48 Wis. 2d 203, 179 N.W.2d 909 (1970) (State No. 6) (original emphasis).