STATE of Wisconsin, Plaintiff-Respondent,

v.

Chester L. HANSON, Jr., Defendant-Appellant.†

Court of Appeals

*No. 93–1921–CR. Submitted on briefs December 28, 1993.—Decided February 23, 1994.*

(Also reported in 513 N.W.2d 700.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Elizabeth E. Stephens*, assistant state public defender.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Michael R. Klos*, assistant attorney general.

Before Anderson, P.J., Brown and Snyder, JJ.

ANDERSON, P.J. Chester L. Hanson, Jr. appeals from his conviction for enticement of a child with the intent of exposure, contrary to § 948.07(3), STATS. Hanson argues that § 948.07(3) violates his con-

stitutional rights to equal protection. We disagree and affirm.

The victim, Tiffany D., testified to the following acts at the preliminary examination. Tiffany, age seventeen at the time, lived in a hotel which Hanson managed. Tiffany awoke to a telephone ringing in the lobby in the early morning hours, so she got up and ran to answer it. Hanson entered the building at the same time. Upon seeing Tiffany, Hanson asked her to come to his room to answer complaints about her from other residents.

Once inside his room, Hanson gave Tiffany foot and back massages. He then pinned her to the floor and forcibly removed her clothes, inserted his finger in her vagina, carried her to his bedroom and had intercourse with her.

The complaint against Hanson alleged two felony counts of second- degree sexual assault, in violation of § 940.225(2)(a), STATS. After the preliminary examination, the district attorney filed an information which additionally charged Hanson with child enticement under § 948.07(3), STATS. Hanson filed a motion to dismiss the child enticement count, arguing that its penalty provisions violated the equal protection and due process clauses of the United States and Wisconsin Constitutions. The trial court denied the motion, holding that the statutory scheme for child enticement delineated different levels of seriousness and was rational.

Hanson negotiated a plea agreement in which the State agreed to reduce the sexual assault counts to one misdemeanor count each of sexual contact, § 940.225(3m), STATS., and sexual intercourse with a child, § 948.09, STATS. Hanson pled no contest to the three counts in the amended information. On appeal,

Hanson challenges only the constitutionality of the child enticement statute and that subsequent conviction.

The constitutionality of a statute is a question of law which we review de novo. *State v. McKenzie,* 151 Wis. 2d 775, 778, 446 N.W.2d 77, 78 (Ct. App. 1989). All statutes are presumed constitutional; the challenger bears the burden of proving unconstitutionality beyond a reasonable doubt. *Id.* at 779, 446 N.W.2d at 78. We will uphold a challenged statute under an equal protection analysis "if a rational basis exists to support the classification, unless the statute impinges on a fundamental right or creates a classification based on a suspect criterion." *Id.* We need only examine the statute under the rational basis analysis because Hanson's claim does not involve fundamental rights or a suspect criterion.

Under the rational basis analysis, equal protection of the law is denied if the legislature has made an irrational or arbitrary classification. *Id.* at 779, 446 N.W.2d at 79. We do not examine whether an inequality results from the classification, but whether any reasonable basis exists which justifies the classification. *Id.*

Relying upon *State v. Asfoor,* 75 Wis. 2d 411, 249 N.W.2d 529 (1977), Hanson argues that the statutory penalty scheme of the child enticement statute is irrational. He asserts that there is no reason why enticement to commit the act of exposure, a Class C felony, should be more serious and thus have a greater

penalty than the act of exposure itself, a Class A misdemeanor.[1]

In *Asfoor,* our supreme court held that it could not conceive of any reason to support the legislative scheme which provided a state prison sentence for *injury* by negligent use of a weapon, while *death* by negligent use of a weapon was punishable only by sentence in the county jail. The court held that this distinction denied equal protection of the law. *Id.* at 440-41, 249 N.W.2d at 542.

We agree with the State that Hanson has not met the heavy burden of proving that the child enticement legislative scheme falls under the ambit of *Asfoor.* One legitimate justification for the statute, as the State

---

[1] Hanson pled *no contest* to § 948.07(3), STATS. The statute provides in full:

> **Child enticement.** Whoever, with intent to commit any of the following acts, causes or attempts to cause any child who has not attained the age of 18 years to go into any vehicle, building, room or secluded place is guilty of a Class C felony:
>
> (1) Having sexual contact or sexual intercourse with the child in violation of s. 948.02.
>
> (2) Causing the child to engage in prostitution.
>
> (3) *Exposing a sex organ to the child or causing the child to expose a sex organ in violation of s. 948.10.*
>
> (4) Taking pictures of the child engaging in sexually explicit conduct.
>
> (5) Causing bodily or mental harm to the child.
>
> (6) Giving or selling to the child a controlled substance in violation of ch. 161.

Section 948.07 (emphasis added). The relevant subsection refers to § 948.10, STATS., which provides in pertinent part:

> **Exposing genitals or pubic area.** Whoever, for purposes of sexual arousal or sexual gratification, causes a child to expose genitals or pubic area or exposes genitals or pubic area to a child is guilty of a Class A misdemeanor.

suggests, is that enticement of a child is "a social evil in and of itself regardless of the specific sexual motive which causes the defendant to act." The gravamen of the crime is not the commission of an enumerated act, but succeeding in getting a child to enter a place with intent to commit such a crime. *See Huebner v. State,* 33 Wis. 2d 505, 513, 147 N.W.2d 646, 650 (1967) (explaining the social evil addressed by § 944.12, STATS., 1965, the predecessor of § 948.07, STATS.). Enticement of a child to a vehicle, building, room or other secluded place isolates a child from the protections of the public. It also provides the opportunity, with substantially less risk of detection, for the person to exercise force and control over the child for purposes of sexual gratification.

Nor do we accept Hanson's explanation that the designation of exposure in the child enticement statute was an arbitrary, tidy way of stating a single penalty for multiple ways to commit the crime. His underlying objection seems to be that convenience, not the protection of children, dictated that a misdemeanor be included with the arguably more serious felonies listed in the child enticement statute.[2] The crime being addressed is the luring and secluding of children. The statute recognizes that multiple motives may exist. That some of these motives are arguably less harmful than others does not affect the seriousness of the crime of enticing the child into the secluded place.

[2] Section 948.07(3), STATS., is the only subsection which addresses a motive which is a misdemeanor only. Section 948.07 (6) addresses motives which are both misdemeanors and felonies, while the remaining subsections address felony motives. Regardless of the subsection at issue, § 948.07 is a Class C felony.

Hanson's second, related issue is whether § 948.07(3), STATS., is unconstitutional as applied to him. He argues that he was denied equal protection because it is irrational for § 948.07(1) to distinguish between acts against children under and over the age of sixteen, while § 948.07(3) applies to acts against children of any age.[3] Because we have already decided that a rational basis exists for the inclusion of exposure as a proscribed intent under § 948.07, we construe Hanson's argument as saying that the statute is underinclusive in its list of proscribed actions.

However, we agree with the State that this distinction may not be the basis of an equal protection challenge in this case. Our supreme court has "consistently refused to find legislation unconstitutional where a classification is not all-encompassing or evinces a cautious intent to develop a classification on a piecemeal basis." *Racine Steel Castings v. Hardy,* 144 Wis. 2d 553, 572, 426 N.W.2d 33, 40 (1988). If the law addresses the evil where it is most felt, it should not be overthrown because it may have been applied in other instances. *Id.* at 570, 426 N.W.2d at 39. The subsections apply in all instances where the victim is under the age of sixteen. This is consistent with a presumption underlying ch. 948, STATS., that the younger the child, the more that child is in need of protection. *See,*

---

[3] Enticement with intent to commit sexual assault or contact is covered by § 948.07(1), STATS. That subsection refers to sexual assault or contact under § 948.02, STATS., which covers only those acts where the victim is a child who has not reached the age of sixteen. Where the victim has already reached the age of sixteen, as with Tiffany, sexual assault and sexual contact are covered by §§ 940.225 and 948.09, STATS., which are not mentioned in any subsection of § 948.07.

*e.g.,* §§ 948.02 & 948.09, STATS. (the penalties for the sexual assault of a child vary according to the child's age). Whether the statute should proscribe all of the same actions where the child victim has reached sixteen is a matter which we defer to the judgment of the legislature.

Finally, Hanson argues in his reply brief that his conduct fell outside of § 948.07(3), STATS., and therefore he should never have been charged under that section. He contends that "exposure" means more than mere uncovering and requires an "exhibitionist aspect." Again, we disagree. Section 948.10, STATS., applies both where the offender's own genitals or pubic area are exposed and where the offender exposes the genitals or pubic area of a child. Here, the complaint and testimony at the preliminary hearing indicate that Hanson removed Tiffany's clothes, presumably exposing her pubic area. The statute also requires that this be done "for purposes of sexual arousal or sexual gratification." *Id.* The complaint and testimony indicated that Hanson had sexual intercourse with Tiffany soon thereafter. There is a sufficient factual basis for the charge under the plain meaning of the statute. Hanson's contentions fail.

*By the Court.*—Judgment affirmed.