# 2019 WI APP 44

## COURT OF APPEALS OF WISCONSIN
## PUBLISHED OPINION

Case No.:        2018AP845-CR

Complete Title of Case:

#### STATE OF WISCONSIN,

#### PLAINTIFF-APPELLANT,

#### V.

#### MEDFORD B. MATTHEWS, III,

#### DEFENDANT-RESPONDENT.

| | |
|---|---|
| Opinion Filed: | July 24, 2019 |
| Submitted on Briefs: | March 14, 2019 |

| | |
|---|---|
| JUDGES: | Neubauer, C.J., Reilly, P.J., and Hagedorn, J. |
| Concurred: | |
| Dissented: | |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Gregory M. Weber*, assistant attorney general, and *Brad D. Schimel*, attorney general. |
| Respondent ATTORNEYS: | On behalf of the defendant-respondent, the cause was submitted on the brief of *Renee E. Mura* of *Renée E. Mura, S.C.*, Kenosha. |

COURT OF APPEALS
DECISION
DATED AND FILED

**July 24, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP845-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2017CF1257

**IN COURT OF APPEALS**

STATE OF WISCONSIN,

   PLAINTIFF-APPELLANT,

 V.

MEDFORD B. MATTHEWS, III,

   DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Kenosha County: BRUCE E. SCHROEDER, Judge. *Reversed and cause remanded for further proceedings*.

Before Neubauer, C.J., Reilly, P.J., and Hagedorn, J.

¶1 NEUBAUER, C.J. The State appeals from an order dismissing six felony counts against Medford B. Matthews, III, leaving one misdemeanor count of sexual intercourse with a child. Four of the six felony counts were for exposing

intimate parts and two for child enticement. Because some of these felony counts involved acts related to those for the misdemeanor intercourse count, the circuit court considered that the decision to charge all of them, which would expose Matthews to over seventy years in prison, was absurd and not what the legislature could have intended. We cannot conclude that the additional charges clearly defeat the intent of the legislature. We therefore reverse and remand for further proceedings.

## BACKGROUND

¶2 On July 16, 2017, MJH, who was seventeen and one-half years old, began a friendship with Matthews, her twenty-eight-year-old boss at a supermarket.[1] By mid-August, the relationship started to become sexual, including kissing in his car and, on September 1, at his house. On September 3, Matthews stated that MJH came over to his house and he asked her what exactly "are we or what do you want to be." MJH told him that she wanted to be his girlfriend, and they engaged in more sexual conduct.

¶3 Through the beginning of September, the two continued to meet and touch each other in a sexual manner, including removing clothing. On September 18, at his house, the most serious touching occurred when Matthews put "his finger inside of her vagina," which is the basis for the sexual intercourse count. MJH had him stop, he did, and she eventually left. Both Matthews and MJH agree that she was never forced.

---

[1] The material facts are largely not in dispute and are taken primarily from the amended complaint.

2

¶4      Upon learning of the relationship, MJH's mother called the police to have criminal charges filed against her daughter's wishes. The State charged Matthews with misdemeanor sexual intercourse with a child, WIS. STAT. § 948.09 (2017-18),[2] based on his touching of her vaginal area.

¶5      The State also charged Matthews with six felonies. Specifically, because MJH's and Matthews's conduct occurred inside of a residence rather than outside in plain view, the State charged Matthews with two counts of child enticement, WIS. STAT. § 948.07(3), as he allegedly "cause[d]" MJH "to go into a building" with the intent to expose intimate parts. One of these counts occurred at the time of the sexual intercourse. Because MJH and Matthews had removed clothing on several occasions, the State charged Matthews with four counts of "exposing intimate parts," WIS. STAT. § 948.10(1), with two of those counts occurring at the time of the intercourse.

¶6      Matthews moved to dismiss the counts on various grounds. After oral argument, the circuit court issued a written decision, dismissing the six felonies. The court explained as follows: Wisconsin law once made it a felony for an adult to have nonmarital sexual intercourse with a child age sixteen or older. The legislature later created WIS. STAT. § 948.09, which made that offense a misdemeanor. The court could not understand how the State believed that the misdemeanor intercourse could "occur without either party exposing his or her genitals to the other," thereby necessarily and simultaneously committing the more serious felony for exposure under WIS. STAT. § 948.10(1). Similarly, the court

---

[2] All references to the Wisconsin Statutes are to the 2017-18 version.

3

was perplexed by the State's opinion that if these two engaged in sexual contact out in public, such as on the steps of the courthouse, "there would be no crime of [e]nticement," but if Matthews first suggested they step inside a courthouse room, he could be charged with the more serious felony of child enticement, which carries a twenty-five-year prison term.

¶7 Because the circuit court believed that the legislature intended that "the completed acts of contact and intercourse" constitute a misdemeanor, and that it would be impossible for intercourse to occur without exposure of intimate parts, it considered the charging decision an "absurd one, which has the effect of defeating the intent of the Legislature." Therefore, the court dismissed the felony charges based on absurdity, hinting that such charges, if deliberately brought to put pressure on Matthews to plead guilty would, in such a case, be "an abuse of power."

¶8 The State moved for reconsideration, which was denied. The State appeals.

## THE THREE STATUTES

¶9 To be clear on the elements of the statutes, a person commits a Class A misdemeanor offense of sexual intercourse with a child age sixteen or older under WIS. STAT. § 948.09 when he or she has nonmarital sexual intercourse with a child. The offense carries a nine-month sentence. WIS. STAT. § 939.51(3)(a).

¶10 A person commits a Class I felony offense of exposing intimate parts under WIS. STAT. § 948.10(1) when, for purposes of sexual arousal or gratification, he or she causes a child to expose intimate parts, or exposes his or

4

her intimate parts to the child. The offense carries a three and one-half year prison sentence. WIS. STAT. § 939.50(3)(i).

¶11 A person commits a Class D felony offense of child enticement with intent to expose intimate parts under WIS. STAT. § 948.07(3) when, intending to violate WIS. STAT. § 948.10 (exposure of intimate parts), he or she causes or attempts to cause a child to go into any vehicle, building, room, or secluded place. Sec. 948.07(3). The offense carries a twenty-five year prison sentence. WIS. STAT. § 939.50(3)(d).

## STANDARD OF REVIEW

¶12 Both sides agree the issues are ones of law. We review de novo questions of statutory interpretation and a circuit court's authority, such as those presented here. *See State v. Dowdy*, 2012 WI 12, ¶25, 338 Wis. 2d 565, 808 N.W.2d 691.

## DISCUSSION

*Improper Dismissal of the Felony Counts for Absurdity*

¶13 By virtue of our separation-of-powers principle, no one branch of government may substantially encroach upon a function that has been delegated to another. *State v. Dums*, 149 Wis. 2d 314, 321, 440 N.W.2d 814 (Ct. App. 1989). As part of the executive branch of the government, district attorneys "have primary responsibility and wide discretion" in charging criminal offenses without judicial interference. *State ex rel. Kalal v. Circuit Court for Dane Cty.*, 2004 WI 58, ¶27, 271 Wis. 2d 633, 681 N.W.2d 110; *see also Dums*, 149 Wis. 2d at 321-22. The district attorney does not answer directly to any other state officer regarding charging decisions; he or she is ultimately answerable to the electorate.

5

*State ex rel. Kurkierewicz v. Cannon*, 42 Wis. 2d 368, 378-80, 166 N.W.2d 255 (1969) (it should be noted, however, that the legislature may set limits on that discretion and the district attorney is expected to comply with legislative mandates).

¶14    The district attorney's charging authority rests not just on common law but, in Wisconsin, on statutory law:  "The district attorney shall … prosecute all criminal actions before any court within his or her prosecutorial unit …."  WIS. STAT. § 978.05(1).  With exceptions that do not apply here, "a complaint charging a person with an offense shall be issued only by a district attorney of the county where the crime is alleged to have been committed."  WIS. STAT. § 968.02(1).

¶15    If probable cause exists to show the defendant has committed a crime defined by statute, then the district attorney decides whether and what to charge, subject to constitutional limitations.  *See United States v. Batchelder*, 442 U.S. 114, 124 (1979); *Sears v. State*, 94 Wis. 2d 128, 133-34, 287 N.W.2d 785 (1980).  "The Wisconsin legislature, recognizing that prosecuting attorneys may frequently be faced with conduct which may violate more than one criminal statute, has specifically granted the prosecuting attorney the power to choose the statute under which to proceed."  *Sears*, 94 Wis. 2d at 133-34.  That power is granted by WIS. STAT. § 939.65, which provides that "if an act forms the basis for a crime punishable under more than one statutory provision, prosecution may proceed under any or all such provisions."

¶16    Despite the foregoing robust authority and discretion of a district attorney, Matthews contends it would be absurd to also penalize him for the felony crime of exposing intimate parts, which would be practically necessary for the misdemeanor intercourse to occur.  Likewise, Matthews complains about the

arbitrariness of the enticement charges simply because the sexual activities occurred inside a house, rather than outside. At bottom, Matthews is arguing that the district attorney's decision to charge under the three statutes together have worked an absurdity, in light of the legislature's decision to provide for a Class A misdemeanor for intercourse with a child over sixteen. We disagree.

¶17 It is a well-settled proposition that statutory language be read in context and in a reasonable manner so as "to avoid absurd or unreasonable results." *Kalal*, 271 Wis. 2d 633, ¶46. When the statutory language is clear and straightforward, a court would normally apply the plain meaning to the specific set of facts in the case. However, if that application leads to results that are absurd or unthinkable, then courts should "look beyond the plain meaning" to avoid the absurd results. *See Teschendorf v. State Farm Ins. Cos*., 2006 WI 89, ¶¶15, 32, 62, 293 Wis. 2d 123, 717 N.W.2d 258; *Blasing v. Zurich Am. Ins. Co.*, 2013 WI App 27, ¶13, 346 Wis. 2d 30, 827 N.W.2d 909 ("Absurd results include results the legislature could not have intended."). The standard is high, as it entails departing from the literal language of the statute:

> It is not enough for a court to find that upon application of the plain meaning of a statute, a given outcome is foolish. Instead, a court so finding must be convinced that the result is so absurd that [the legislature], not the court, could not have intended such a result.

*Resolution Trust Corp. v. Westgate Partners, LTD.*, 937 F.2d 526, 529 (10th Cir. 1991). Stated another way, it must be "unthinkable" for the legislature "to have intended the result commanded by the words of the statute." *Robbins v. Chronister*, 435 F.3d 1238, 1241 (10th Cir. 2006); *Teschendorf*, 293 Wis. 2d 123, ¶15 (the purpose when the language is clear is to "verify that the legislature did not intend these unreasonable or unthinkable results").

7

¶18    Here, Matthews does not contend that any single criminal statute is absurd, but that the charging of all three in this case is absurd. As noted above, the district attorney is responsible for charging those whose conduct meets the elements of any criminal statute. Here, all of the necessary elements are present.[3] There is no statutory language or other provision that limits the applicability of these statutes under the facts of this case. If the district attorney has evidence of probable cause that each crime was committed, it was fully within its discretion to charge them.[4]

---

[3] Matthews does argue that the amended complaint lacks a sufficient factual basis for counts two and four (the two child enticement counts). However, this was not why the circuit court dismissed all six felony counts. We will address Matthews' sufficiency argument later.

[4] With the tremendous discretion to bring criminal charges comes the tremendous responsibility to act competently and ethically. One set of standards for guidance in charging discretion is the American Bar Association Criminal Justice Standard 3.9, which has been cited by Wisconsin courts. *See State ex rel. Kalal v. Circuit Court for Dane Cty.*, 2004 WI 58, ¶¶31-32, 271 Wis. 2d 633, 681 N.W.2d 110; *State v. Karpinski*, 92 Wis. 2d 599, 608-09, 285 N.W.2d 729 (1979). Areas of prosecutorial abuse include charging when it is clear the evidence is insufficient and bringing charges of questionable merit only to pressure a defendant to plead to a lesser offense. *See Kalal*, 271 Wis. 2d 633, ¶31. Matthews asserts the former with regard to counts 2 and 4, which we reject later in the opinion, and the circuit court hinted at the improper over-charging to put pressure on the defendant, but it never made any finding of such improper conduct.

To assist prosecutors, the ABA standards identify a number of factors to consider when making a charging decision:

> These include the extent of harm caused by the offense; the threat posed to the public by the suspect; the ability and willingness of the victim to participate; the disproportion between the authorized punishment and the particular offense or offender; possible improper motives of a complainant; cooperation of the suspect with the arrest/prosecution of others; the possibility or likelihood of prosecution by another jurisdiction.

*Id.*, ¶32 (citing to the American Bar Association *Standards for Criminal Justice*, Vol. 1, Standard 3-3.9 (2d ed. 1980)).

¶19 These are separate offenses with different elements. Child enticement, exposure, and sexual contact charges are frequently charged together and would survive a double jeopardy challenge. Although Matthews' motion to dismiss advanced a double jeopardy challenge, he does not assert it on appeal and has therefore abandoned it. Nonetheless, we note that the touchstone test for such a challenge is the "elements-only" test, i.e., where "one offense is not the 'same offense' as another when 'each provision requires proof of a fact which the other does not.'" *State v. Henning*, 2004 WI 89, ¶17, 273 Wis. 2d 352, 681 N.W.2d 871 (citations omitted). A plain reading of these three statutes shows that they each require a fact that the others do not: causing a child's entry into a secluded place is required by WIS. STAT. § 948.07, the act of sexual intercourse is required by WIS. STAT. § 948.09, and causing a child to expose intimate parts or exposing intimate parts to the child is required by WIS. STAT. § 948.10. In *State v. Derango*, 2000 WI 89, ¶¶34-35, 236 Wis. 2d 721, 613 N.W.2d 833, our supreme court determined that charges of child enticement and attempted child sexual exploitation were not multiplicitous and did not constitute double jeopardy. In so doing, the court made the following point that bears repeating here:

> [T]he legislature is entitled to attack a discrete social problem by writing multiple statutes with subtle elemental differences in order to capture and criminalize the widest possible variety of conduct (here, the many variations of sexual abuse and exploitation of children). And prosecutors are entitled to charge one act as more than one statutory offense, if the legislative intent to permit multiple punishment is apparent.

*Id.*, ¶36.

¶20 As our double jeopardy analysis emphasizes, the three separate crimes are each intended to target and deter different conduct and protect different societal interests. The crime of exposing intimate parts is intended to "protect

9

children in both private and public settings" from exposure to genitalia, regardless of whether the exposure is indecent or not. *See State v. Stuckey*, 2013 WI App 98, ¶14, 349 Wis. 2d 654, 837 N.W.2d 160. The crime of child enticement is intended to prevent the social evil of isolating a child from the public view—and public protection—and so deny an individual an opportunity to exercise force and control over the child for sexual purposes. *See State v. Hanson*, 182 Wis. 2d 481, 487, 513 N.W.2d 700 (Ct. App. 1994) (the crux of the crime is not the commission of the identified act, but the defendant's success in getting a child to enter an area with intent to commit the crime). And the crime of nonmarital sexual intercourse with a child age sixteen or older is to protect those minors from the consequences of sexual intercourse, including the dangers and problems associated with pregnancy and damage to reproductive organs. *See State v. Fisher*, 211 Wis. 2d 665, 674, 565 N.W.2d 565 (Ct. App. 1997). We cannot say that the district attorney's charging decisions did not serve these interests.[5]

¶21     Moreover, just as the criminal charging authority is vested in the district attorney, the classifications of felonies and misdemeanors and their punishments are within the purview of the legislature. We have long adhered to the view that "it is within the province of the legislature as to what punishment is

---

[5] Matthews cites *State v. Asfoor*, 75 Wis. 2d 411, 249 N.W.2d 529 (1977), in support of his argument. In that case, one statute made it a felony to injure someone by negligence, while another statute made it a misdemeanor to cause the death of someone by negligence. *Id.* at 439-40. The court determined that there was no basis or reason to support this distinction, declaring it unconstitutional for denying equal protection. *Id.* at 440-41. *Asfoor* does not apply. As discussed above, the three statutes address different crimes with dissimilar elements and involve distinct societal and moral interests. That was not the case in *Asfoor*. To the extent Matthews was attempting to advance a constitutional challenge to these statutes, his attempt is decidedly undeveloped. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (we do not address undeveloped arguments).

10

to be related to a particular crime." ***State v. Sittig***, 75 Wis. 2d 497, 499, 249 N.W.2d 770 (1977); *see also* ***State v. Duffy***, 54 Wis. 2d 61, 66-67, 194 N.W.2d 624 (1972) ("[I]t is within the province of the legislature to determine the penalty for the particular evil sought to be remedied."). The circuit court's concerns regarding the interplay of these three statutes under the circumstances involving a seventeen year old may warrant a review and potential revisions by our legislature, but until that happens, we, as an error-correcting court, are not able to affirm the dismissal of related counts on the ground of absurdity simply because they involve felony penalties.

¶22 We cannot alter the plain language of these statutes. We defer to the legislature on policy, and "judicial deference to the policy choices enacted into law by the legislature requires that statutory interpretation focus primarily on the language of the statute." ***Kalal***, 271 Wis. 2d 633, ¶44.

¶23 Here, the legislature chose to change the crime of nonmarital intercourse with a child older than sixteen from a felony to a misdemeanor. But the legislature also left enticement of a child (which means a child of any age) as a felony, and left exposure of intimate parts as a felony (but there are circumstances that can make it a misdemeanor). The legislature did not amend these statutes to differentiate penalties on the basis of the child's age. In effect, the legislature left it to the district attorney's discretion what, when, and whether to charge in cases involving acts such as those allegedly committed here with a child older than sixteen. "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon [of judicial construction] is also the last: 'judicial inquiry is complete.'" ***Connectitcut Nat'l Bank v. Germain***, 503 U.S. 249, 253-54 (1992) (citations omitted).

11

¶24     Given that the legislature left these statutes intact, we cannot conclude that the district attorney's charges rise to the level of absurdity found in case law—which underscores that the doctrine is applicable only when it is clear that the legislature could not have intended the plain language to lead to such absurd results.

¶25     For example, one court was faced with the decision to interpret the term "less" to mean "more."  In *Amalgamated Transit Union v. Laidlaw Transit Services, Inc.*, 435 F.3d 1140 (9th Cir. 2006), a statutory provision stated that an application for an appeal must be "made to the court of appeals not less than 7 days after entry of the order."  *Id.* at 1142; *see also* 28 U.S.C. § 1453(c)(1) (2006).  Taken literally, it means that the applicant must *wait* seven days to apply, but after that period there is no deadline.  *Amalgamated*, 435 F.3d at 1146.  The court considered the language completely illogical and interpreted it instead to mean a seven-day deadline to apply, as it expected Congress intended.  *Id.*[6]

¶26     Although arguably harsh in light of the legislature's determination to apply a lesser penalty when the child is older than sixteen, we cannot conclude that the decision is so bizarre and unthinkable so as to be absurd, requiring

---

[6] We note, in this regard, Matthews has primarily referred to law review articles on the doctrine of absurdity.  He has not cited any cases, much less Wisconsin cases, that applied the doctrine where a prosecutor's charging decisions under similar circumstances resulted in the dismissal of charges, nor do we find any.

We further note that this case is unlike the oft-repeated absurdity examples Matthews points to in which a prohibited act is also authorized or necessary under limited circumstances. Examples include a prohibition against escape by a prisoner when there is a fire, a medieval prohibition against drawing blood in the street when a surgeon assists a person who fell down in the street in a fit, a prohibition against interfering with a mail carrier's delivery of the mail when serving a warrant for murder.  Here, there is no broad prohibited act that is directly at odds with a clearly authorized or necessary act. *See Resolution Trust Corp. v. Westgate Partners, LTD.*, 937 F.2d 526, 529-30 (10th Cir. 1991).

interference by the courts and dismissal of the charges. *See **Brogan v. United States***, 522 U.S. 398, 403 (1998) ("[T]he reach of a statute often exceeds the precise evil to be eliminated.").

¶27    Moreover, we cannot conclude that the legislature meant to do away with these other crimes under circumstances such as these. To the extent that there is a perceived inconsistency in the penalties when the child is older than sixteen, as noted above, it is up to the legislature to address it. Thus, we conclude that it was error to dismiss the six felonies on the basis of absurdity.

*Matthews' Insufficient Factual Allegation Argument Is Undeveloped*

¶28    Matthews asks this court, presumably in the alternative, to dismiss counts two and four (the child enticement charges) of the amended complaint for failing to set forth a sufficient factual basis for the charges. We decline to review his request.

¶29    First, Matthews has not established that this issue is properly before us. In December 2017, Matthews filed this motion, and in January 2018 a court commissioner orally denied it, finding sufficient facts at that stage. The commissioner deferred to the circuit court to rule on the motion based on absurdity and advised Matthews that he could renew his factual sufficiency motion before the circuit court. Matthews did not do so. As it stands, we have an oral denial of his motion by the commissioner and no ruling, one way or the other, by the circuit court. Matthews provides us with no legal authority explaining how the issue is properly before us.

¶30    In any event, his appellate argument is inadequate. It lacks required citations to the record and applicable legal authorities. *See* WIS. STAT. RULE

809.19(1). Specifically, he fails to state the standards governing challenges to the factual adequacy of a criminal complaint, much less apply those standards here. *Id.*; *see also **State v. Pettit***, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

  *By the Court*.—Order reversed and cause remanded for further proceedings.