Ronald E. WILKE, Plaintiff-Appellant,†

v.

CITY OF APPLETON, Defendant-Respondent.

Court of Appeals

*No. 95–0120. Submitted on briefs August 28, 1995.—Decided October 17, 1995.*

(Also reported in 541 N.W.2d 198.)

†Petition to review dismissed.

717

719

720

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *John H. Wallace III* of *Wallace & Wallace, S.C.* of Oshkosh.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Stephen C. Dozer* of Appleton.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.   Ronald Wilke[1] appeals a judgment dismissing his complaint with prejudice. Wilke's complaint sought a declaratory judgment that Appleton

---

[1] For reasons not apparent in the record, Wilke's wife Jeannette, a co-plaintiff in the original action, does not appear as a party in this appeal.

Code § 12-32(c), governing nonsummary abatement, is unconstitutional, and that the City of Appleton violated Wilke's due process rights. On appeal, Wilke raises two issues: (1) whether the ordinance is constitutional; and (2) whether the trial court erred when it implicitly found that the City was acting within its authority when it conducted a nonsummary abatement procedure that resulted in the total destruction of Wilke's property. Because we conclude the ordinance is constitutional and the trial court reasonably exercised its discretion, we affirm.

Wilke owns and operates Valley Appliance Service, Inc., which Wilke calls "an appliance and appliance restoration business." Wilke's counsel also described the business as a "recycling yard" where Wilke stored items such as refrigerators and stoves outdoors. In July of 1992, the Appleton Department of Inspection inspected the business and found violations of several ordinances, such as operating as a second hand dealer without a license, and leaving refrigerators and washing machines outside the business. A notice of noncompliance was mailed to Wilke on July 30, directing Wilke to correct all listed ordinance violations by September 1.

On August 27, Wilke wrote to the department, offering a progress report on his attempts to correct the violations. Wilke also requested an extension of time to correct the violations. On September 8, Wilke's request for an extension of time was granted, giving him until September 18. On September 17, Wilke's wife requested more time to correct the violations. On October 2, the department wrote to Wilke and extended the

date for compliance to October 15, indicating this would be the last extension.[2]

On October 22, the department issued an order to abate nuisance, informing Wilke that the department had determined that a public nuisance existed on his premises due to a variety of municipal ordinance violations. The order informed Wilke that the City, pursuant to Appleton Code § 12-32, would enter the premises and remove the nuisance if the nuisance was not removed or abated before November 22. The order also stated that the costs of abatement would be collected pursuant to ordinance. Finally, the order stated: "Attention is directed to Sec. 12-32(c) of the Municipal Code of the City of Appleton, pertaining to remedy from the department's order."

On November 17, the department again wrote to Wilke, reminding him that he had until November 22 to remove or abate the nuisance. On November 20, Wilke delivered to the department a handwritten note requesting more time to abate the nuisance. In response, the department wrote to Wilke and denied his request for an extension of time.

On November 24, the department sought and received a special inspection warrant from Judge Dee Dyer of the circuit court. On or about December 1, the City served Wilke with the special inspection warrant and directed VanHandel Waste Removal to remove certain items, including appliances. On February 9, the City notified Wilke that unless he reclaimed his property by February 24, 1993, it would be disposed of.

---

[2] In several documents, Wilke claims never to have received the October 2 letter. The correspondence that occurred before the order to abate nuisance was issued is relevant only for purposes of background. Thus, even if Wilke did not receive the October 2 letter, our decision is the same.

When Wilke failed to contact the City, the property was sold to offset the costs of abatement and storage.

In November of 1993, Wilke filed a complaint seeking declaratory judgment that Appleton Code § 12-32(c) was unconstitutional and that the City violated Wilke's due process rights. The City moved to dismiss the complaint, and Wilke filed a motion for summary judgment. After considering the parties' memoranda of law and arguments made at a motion hearing, the trial court issued a written decision dismissing the complaint with prejudice. Wilke now appeals.

First, Wilke challenges the constitutionality of the nonsummary abatement[3] procedure found in Appleton Code § 12-32(c), which states in relevant part:

(c) *Nonsummary abatement by city.*

(1) *Order to abate nuisance.* If the inspecting officer shall determine that a public nuisance exists on private premises but that the nature of such nuisance is not such as to threaten imminent danger to the public health, safety, peace, morals or decency, he shall issue an order reciting the existence of a public nuisance and requiring the owner or occupant of the premises to remove or abate the condition described in the order within the time period specified therein . . . .

(2) *Abatement by city.* If the owner or occupant fails or refuses to comply within the time period prescribed, the inspecting officer shall enter upon the premises and cause the nuisance to be removed

---

[3] Abatement of a nuisance is defined as: "The removal, stoppage, prostration, or destruction of that which causes a nuisance, whether by breaking or pulling it down, or otherwise removing, destroying, or effacing it." BLACK'S LAW DICTIONARY 1066 (6th ed. 1990).

or abated and the city shall recover the expenses incurred thereby from the owner or occupant of the premises from the person who has caused or permitted the nuisance.

(3) *Remedy from order.* Any person affected by such order shall, within thirty (30) days of service or publication of the order, apply to the circuit court for an order restraining the city and the inspecting officer from entering on the premises and abating or removing the nuisance, or be forever barred. The court shall determine the reasonableness of the order for abatement of the nuisance.

Wilke argues that the code's nonsummary abatement procedure, and in particular § 12-32(c)(3), is unconstitutional because it places upon the property owner the burden to disprove that his property is a public nuisance. Wilke explains:

[T]he city of Appleton Ordinance Section 12-32(c)(3), requiring a property owner to file suit and prove that a public nuisance does not exist, unconstitutionally places the burden of proof on the property owner to prove that his property is not a nuisance or to demonstrate that abatement is not appropriate under the circumstances.

Additionally, Wilke argues that § 12-32(c)(2) is unconstitutional because it permits abatement without administrative or judicial review. Wilke argues that to protect the due process rights of property owners, this court should require at a minimum an administrative hearing where the property owner has the opportunity to appear and be heard on the issue of whether a nuisance exists and whether abatement should occur.

■

The constitutionality of a statute is a question of law that this court reviews de novo. *State v. McKenzie,* 151 Wis. 2d 775, 778, 446 N.W.2d 77, 78 (Ct. App. 1989). Judicial review of legislation starts with a presumption of constitutionality and the requirement that the challenger prove unconstitutionality beyond a reasonable doubt. *Laskaris v. Wisconsin Dells,* 131 Wis. 2d 525, 533, 389 N.W.2d 67, 71 (Ct. App. 1986) (citation omitted). This is true whether the challenged legislation is a statute or an ordinance. *Id.* (citation omitted).

■

When statutes are challenged on grounds of due process, the test is whether the means chosen have a reasonable and rational relationship to the purpose or object of the enactment; if it has, and the object is a real and proper one, the exercise of the police power is valid. *Oliver v. Travelers Ins. Co.,* 103 Wis. 2d 644, 647, 309 N.W.2d 383, 385 (Ct. App. 1981). Substantive due process invokes considerations of decency and fairness. *State v. Tarantino,* 157 Wis. 2d 199, 214, 458 N.W.2d 582, 588 (Ct. App. 1990). Procedural due process requires that a party whose rights may be affected by government action be given an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right for which the constitutional protection is invoked. *Cornell Univ. v. Rusk County,* 166 Wis. 2d 811, 824, 481 N.W.2d 485, 491 (Ct. App. 1992).

■

We conclude that the ordinance denies Wilke neither substantive nor procedural due process. First, we examine the purpose or object of the enactment. The ordinance is designed to prevent public nuisances. If the public is injured in its civil or property rights or privileges or in respect to public health to any degree,

that is sufficient to constitute a public nuisance. *State v. H. Samuels Co.*, 60 Wis. 2d 631, 638, 211 N.W.2d 417, 420 (1973). Appleton Code § 12-32(c) is designed to provide the City with a procedure for eliminating public nuisances through the seizure and removal of nuisances. We conclude this procedure bears a reasonable and rational relationship to the purpose or object of the enactment: protecting the public from nuisances that threaten health and safety. *See Oliver*, 103 Wis. 2d at 647, 309 N.W.2d at 385. Therefore, the City's exercise of its police power is valid and does not violate Wilke's substantive due process rights.

■

Wilke does not appear to contest this conclusion. He acknowledges that inhabitants of a municipality hold their property subject to a reasonable exercise of police power, and "[t]hus, property may be destroyed to protect the public welfare when such property becomes a nuisance or dangerous to public safety," citing *Miller v. Foster*, 244 Wis. 99, 103, 11 N.W.2d 674, 676 (1943). But before this can happen, Wilke argues, due process requires that someone other than the municipal authorities seeking abatement make a determination that a nuisance exists. In effect, Wilke is arguing the statute is unconstitutional because it violates procedural due process.

■

Procedural due process requires that a party be given an opportunity to be heard upon such notice and proceedings as are adequate to safeguard the right for which the constitutional protection is invoked. *Cornell Univ.*, 166 Wis. 2d at 824, 481 N.W.2d at 491. It is clear that due process is satisfied if the statutory procedures provide an opportunity to be heard in court at a meaningful time and in a meaningful manner. *State ex. rel.*

*Strykowski v. Wilkie*, 81 Wis. 2d 491, 512, 261 N.W.2d 434, 444 (1978). Contrary to Wilke's argument, due process does not require that nonsummary abatement procedures be subject to automatic administrative or judicial review. Instead, due process requires simply that an aggrieved person have the opportunity to seek review.

■

The ordinance provides that after receiving an order to abate a nuisance, any person affected by the order may within thirty days apply to the circuit court for an order restraining the City and the inspecting officer from entering the premises and abating or removing the nuisance. Appleton Code § 12-32(c)(3). Thus, the ordinance provided Wilke with the opportunity to contest the abatement procedure in a meaningful time and in a meaningful manner. If Wilke had applied to the circuit court for an order restricting the City from removing Wilke's property, the court would have examined the reasonableness of the order and would have thereby reviewed the City's determination that Wilke's property constituted a public nuisance. *See* Appleton Code § 12-32(c)(3). The ordinance provided Wilke with access to the courts; Wilke simply chose not to use it. Clearly, the ordinance provision affords those affected by an order the opportunity to be heard at a meaningful time and in a meaningful manner, and therefore, it provides the requisite due process. *See Strykowski*, 81 Wis. 2d at 512, 261 N.W.2d at 444.

■

Wilke has also argued that the ordinance places upon the property owner the burden of proof to show his property is not a nuisance. We disagree. While the onus is on Wilke to request a hearing, nothing in the

ordinance suggests Wilke will bear the burden of convincing the trial court that the nuisance should not be abated. Instead, the ordinance provides that the court shall determine the reasonableness of the order for abatement of the nuisance. Appleton Code § 12-32(c)(3). The burden of proof remains with the City to show that the property is a nuisance.

We conclude that Wilke has failed to prove the ordinance unconstitutional beyond a reasonable doubt. Next, we turn to Wilke's second argument, that the trial court erred when it implicitly found that the City was acting within its authority when it conducted a nonsummary abatement procedure that resulted in the total destruction of Wilke's property. We must uphold a discretionary decision of the trial court if there are facts in the record to support the decision. *In re Anderson*, 147 Wis. 2d 83, 93, 432 N.W.2d 923, 928 (Ct. App. 1988).

Wilke argues that a nonsummary abatement procedure should be confined to doing whatever is necessary to abate the nuisance. As the City notes, that is already the law in Wisconsin. *Appleton v. Brunschweiler*, 52 Wis. 2d 303, 307, 190 N.W.2d 545, 547 (1971) (a municipality is required to use the least drastic way of removing a public nuisance). Thus, the question is whether the least restrictive method of removal was employed in this case.

Wilke argues that the destruction of all refrigerators, stoves, dryers and freezers was unreasonable. Wilke argues that the most appropriate method of abatement would have been "removing the appliances to a warehouse and charging Wilke for the removal and storage costs of such appliances." The record reveals

this was the procedure used in this case. The City removed the items on or about December 1 and then stored them. On February 9, the City notified Wilke that unless he reclaimed his property by February 24, 1993, it would be disposed of. When Wilke failed to contact the City, the property was sold to offset the costs of abatement and storage. Because the City did exactly what Wilke argues it should have done, Wilke cannot now complain because he failed to notify the City that he indeed wanted to recover his property. Thus, Wilke's argument that the trial court erred in finding that the City's actions were reasonable is rejected.

Because the ordinance is constitutional and because the trial court reasonably exercised its discretion when it implicitly found that the City acted reasonably, the trial court's judgment dismissing Wilke's complaint with prejudice is affirmed.

*By the Court.*—Judgment affirmed.