Town of Delafield, Plaintiff-Respondent,

v.

Paul R. Sharpley, Sr., and Cameon R. Sharpley, husband and wife, and Paul R. Sharpley, Jr., and Michele M. Sharpley, husband and wife, Defendants-Appellants.†

Court of Appeals

*No. 96–2458. Submitted on briefs May 22, 1997.—Decided July 9, 1997.*

(Also reported in 568 N.W.2d 779.)

†Petition to review denied.

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Daniel W. Stevens* of *Esser, Dieterich & Stevens* of Menomonee Falls.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *E. Joseph Kershek* of *Kershek Law Offices* of Milwaukee.

Before Snyder, P.J., Brown and Anderson, JJ.

ANDERSON, J. Paul R. Sharpley, Sr. and Cameon R. Sharpley (Paul Sr.) and Paul R. Sharpley, Jr. and Michele M. Sharpley (Paul Jr.) appeal from a judgment in which the trial court granted the Town of Delafield's motions after verdict, thereby changing certain answers on the jury verdict and finding that both Sharpleys were in violation of several Town ordinances and that each created a public nuisance. We agree with the trial court that both properties constitute public nuisances in violation of TOWN OF DELAFIELD, WIS., ORDINANCES §§ 10.01, 10.02 and 10.05 (ORDINANCE). We further conclude that a public nuisance, such as Paul

Sr.'s and Paul Jr.'s properties, cannot be grandfathered in and thereby exempted from local zoning ordinances; rather, a public nuisance can always be abated. Accordingly, we affirm the trial court on this narrow ground.[1]

The following facts are pertinent to our decision. In 1945, Paul Sr. purchased 9.5 acres of wooded property located in the Town of Delafield and built his home there. In 1969 or 1970, Paul Jr. purchased approximately one acre of his father's land and built his residence there. Since 1960, both father and son have engaged in various businesses on the properties and they have maintained equipment and vehicles on the property.

According to Deputy William O. Deering, the Contract Officer for the Town of Delafield, the Town has received numerous complaints over the past years from residents and real estate developers concerning the condition of the Sharpleys' properties. Deering's investigation revealed that there were a considerable number of vehicles located on both properties, such as automobiles, semi trucks, snowmobiles, motorcycles, farm machinery, boats, school buses and an ambulance. Deering reported that the majority of the vehicles appeared to be junked, wrecked, abandoned, disassembled, unlicensed and nonoperable. Aerial photographs were also taken as part of Deering's investigation.

In July 1993, the Sharpleys were given notice that their respective properties were not in compliance with several of the Town ordinances. When the Sharpleys

_____

[1] Any remaining issues not specifically addressed by this opinion are deemed rejected. *See State v. Waste Management, Inc.*, 81 Wis. 2d 555, 564, 261 N.W.2d 147, 151 (1978) ("An appellate court is not a performing bear, required to dance to each and every tune played on an appeal.").

failed to correct the ordinance violations, the Town filed this action alleging among other things that Paul Sr. and Paul Jr. violated the Town's public nuisance ordinances.[2] Thereafter, the Town conducted inspections of the properties. These inspections revealed over ninety vehicles in varying degrees of disrepair on the properties; numerous batteries, radiators, junk and other car parts strewn around; a refrigerator with a

---

[2] The Town specifically charged the Sharpleys with violating the following:

10.01. PUBLIC NUISANCES PROHIBITED. No person shall erect, contrive, cause, continue, maintain or permit to exist any public nuisance within the Town.

10.02. PUBLIC NUISANCE DEFINED. A public nuisance is a thing, act, occupation, condition or use of property which continues for such length of time as to:

(1) Substantially annoy, injure or endanger the comfort, health, repose or safety of the public.

(2) In any way render the public insecure in life or in use of property.

(3) Greatly offend the public morals or decency.

(4) Unlawfully and substantially interfere with, obstruct or tend to obstruct or render dangerous for passage any street, alley, highway, navigable body of water or other public way or the use of public property.

10.05. PUBLIC NUISANCES AFFECTING PEACE AND SAFETY. The following acts, omissions, places, conditions and things are declared to be public nuisances affecting peace and safety; but such enumeration shall not be construed to exclude other nuisances affecting public peace or safety coming within the definition of 10.02:

(13) BLIGHTED BUILDINGS AND PREMISES. Premises existing within the Town which are blighted because of faulty design or construction, failure to maintain them in a proper state of repair, improper management or due to the accumulation thereon of junk or other unsightly debris, structurally unsound fences and other items which depreciate property values and jeopardize or are detrimental to the health, safety, morals or welfare of the people of the Town.

336

door still on; an icemaker on top of a stove; a school bus that appeared to be lived in; and hornets' nests either inside or outside several of the vehicles inspected.

The Town then filed a motion for summary judgment and a motion to dismiss the Sharpleys' counterclaims. The trial court granted the Town's motion on all four causes of action with one exception and it dismissed the Sharpleys' counterclaims. A jury trial was held on January 30 and 31, 1996, solely on the issue of whether the Sharpleys had a valid and legal nonconforming use of their respective properties which predated the Town's ordinances. The jury essentially found for the Sharpleys. Consequently, the Town filed motions after verdict. The trial court granted the motions and changed the jury's verdict answers, finding that the Sharpleys did not have a valid and legal nonconforming use of their properties. The Sharpleys appeal.

Although the trial court granted summary judgment on all four causes of action, except for the issue of whether the Sharpleys had a valid and legal nonconforming use of their respective properties which predated the Town's ordinances, we conclude that the trial court was not required to reach that issue because its conclusion that the Sharpleys created a public nuisance is dispositive. A valid, nonconforming use, irrespective of its duration, may be prohibited or restricted when it also constitutes a public nuisance or is harmful to the public health, safety or welfare.

Our supreme court has recognized that " 'a nonconforming use existing at the time a zoning ordinance goes into effect cannot be prohibited or restricted by statute or ordinance, where it is a lawful business or use of property and *is not a public nuisance* or harmful

in any way to the public health, safety, morals, or welfare.' " *Des Jardin v. Town of Greenfield*, 262 Wis. 43, 47, 53 N.W.2d 784, 786 (1952) (quoted source omitted) (emphasis added). In fact, "[n]either the legitimacy of the business nor the length of time it has been in existence is controlling in determining whether a public nuisance exists," *State v. H. Samuels Co., Inc.*, 60 Wis. 2d 631, 635, 211 N.W.2d 417, 419 (1973), because "a public nuisance can always be abated." *Madison Metro. Sewerage Dist. v. Committee on Water Pollution*, 260 Wis. 229, 251, 50 N.W.2d 424, 436 (1951). The police power of a municipality extends to declaring certain acts or conditions to be a public nuisance. *See Wilke v. City of Appleton*, 197 Wis. 2d 717, 726–27, 541 N.W.2d 198, 201–02 (Ct. App. 1995) (municipality's procedure for eliminating public nuisance constitutes a valid exercise of its police power).

Here, the trial court granted summary judgment in favor of the Town finding that it was undisputed that the Sharpleys created a public nuisance by maintaining their property in the manner described. If this determination was correct, then whether the Sharpleys had a valid and legal nonconforming use of their respective properties which predated the Town's ordinances is irrelevant.

■ A grant of summary judgment is an issue of law which we review de novo by applying the same standards as employed by the trial court. *See Brownelli v. McCaughtry*, 182 Wis. 2d 367, 372, 514 N.W.2d 48, 49 (Ct. App. 1994). We first examine the complaint to determine whether it states a claim, and then we review the answer to determine whether it presents a material issue of fact. *See id.* If they do, we examine the moving party's affidavits to determine whether that

party has made a prima facie case for summary judgment. *See id.* If it has, we look to the opposing party's affidavits to determine whether there are any material facts in dispute which entitle the opposing party to a trial. *See id.* at 372–73, 514 N.W.2d at 49–50.

Based on these standards, we conclude that the trial court correctly granted summary judgment to the Town. In the complaint, the Town alleged that Paul Sr. and Paul Jr., individually, created a public nuisance by storing the vehicles and other junk on their respective properties. In their combined answer, the Sharpleys denied the allegation and affirmatively alleged that the use of their property had been grandfathered in when the ordinances were enacted, that the Town waived any right to proceed against the Sharpleys, that the ordinances are unconstitutional and that the ordinances were enacted to harass the Sharpleys.[3]

The pleadings thus stated a claim and gave rise to an issue of fact. We therefore examine the materials submitted by the parties in support of and in opposition to the motion for summary judgment.

The Town submitted the affidavit of Deering, with attached exhibits, in support of its public nuisance claim. Deering's affidavit established that more than ninety vehicles were being kept on the Sharpleys'

[3] The Sharpleys filed a counterclaim with their answer which the Town denied. The Sharpleys failed to submit affidavits in support of their counterclaim; the Town, however, did submit the affidavit of June Nirschl, the town clerk, that addressed each allegation contained in the counterclaim. The trial court properly dismissed the Sharpleys' counterclaim. *See Leszczynski v. Surges*, 30 Wis. 2d 534, 539, 141 N.W.2d 261, 265 (1966) ("Pleadings are ineffectual as proof because facts stated in an affidavit take precedence over inconsistent allegations in a pleading.").

properties. In addition to the vehicles, there were other items, such as batteries, radiators, miscellaneous machinery and a refrigerator with the door still attached, scattered around the properties. Deering also noted that several vehicles had hornets' nests in or around them. Deering further averred that on Paul Sr.'s property there was a school bus with an electric cord running to it that someone appeared to be living in. Lastly, Deering explained the proximity of Hawk's Nest subdivision which contains predominately single family homes (and children).

■

The Town moved for summary judgment on its complaint that alleged, in part, the Sharpleys' individual properties constituted public nuisances. Property constitutes a public nuisance if it causes substantial " 'hurt, inconvenience, or damage to the public generally, or such part of the public as necessarily comes in contact with it in the exercise of a public or common right.' "[4] *State v. Quality Egg Farm, Inc.*, 104 Wis. 2d 506, 517–18, 311 N.W.2d 650, 656 (1981) (quoted source omitted). Similarly, ORDINANCE § 10.05(13) defines a public nuisance as premises which are blighted due to the accumulation of junk or other unsightly debris and other items which depreciate property values and jeopardize or are detrimental to the health, safety, morals or welfare of the people of the Town. The activity described in the Town's affidavit, together with supporting materials, states a prima facie case for summary judgment.

---

[4] Our supreme court has also held that repeated violations of an ordinance constitute a public nuisance. *See State v. H. Samuels Co., Inc.,* 60 Wis. 2d 631, 639, 211 N.W.2d 417, 421 (1973).

■ The final step then is to examine any affidavits and proof submitted by the party opposing summary judgment to determine whether there are any material issues of disputed fact that would entitle the opposing party to a trial. We first note that Paul Sr. failed to submit an affidavit in support of his denials. When the party opposing summary judgment fails to respond or raise an issue of material fact, summary judgment can be rendered on that basis alone. *See Bank of Two Rivers v. Zimmer*, 112 Wis. 2d 624, 632, 334 N.W.2d 230, 234 (1983). Consequently, Paul Sr.'s failure to oppose the Town's affidavits signaled to the trial court that the evidentiary facts, as outlined in the Town's affidavit, are undisputed. Full summary judgment against Paul Sr. was appropriate.

Paul Sr.'s contention that Paul Jr.'s affidavit should be applied to their summary judgment case is without merit. As conceded in the Sharpleys' reply brief, "[t]he Jr. Sharpleys' claims are totally separate and independent of the claims against the Sr. Sharpleys." The parties own two separate, albeit adjacent, parcels of land; the resultant claims and alleged violations are separate as well.

■ Paul Jr. filed an affidavit in opposition to the motion. However, the affidavit generally denied the allegations of the complaint and contained a conclusory allegation that the condition of their property predated the ordinances that are alleged to have been violated. In reference to the public nuisance claim, Paul Jr. averred that with the berm behind their property and the fact that their property is "virtually entirely surrounded by woods," none of the vehicles are visible from any of the public roads in the area. Despite the

veracity of this statement, Paul Jr.'s affidavit nevertheless fails to set forth specific facts which dispute the public nuisance ordinance violation. In sum, Paul Jr.'s affidavit was insufficient to defeat summary judgment. *See Fritz v. McGrath*, 146 Wis. 2d 681, 689, 431 N.W.2d 751, 755 (Ct. App. 1988) (affidavits that consist merely of conclusory allegations and fail to set forth specific facts are insufficient to defeat summary judgment); *see also Hopper v. City of Madison*, 79 Wis. 2d 120, 130, 256 N.W.2d 139, 143 (1977) (allegations of ultimate facts, conclusions of law or anything other than evidentiary facts do not meet the statutory requirements for summary judgment and will be disregarded). Therefore, we conclude that it was proper for the trial court to grant summary judgment on the public nuisance complaint. Because this issue is dispositive, we need not address the remaining issues raised on appeal. *See State v. Waste Management, Inc.*, 81 Wis. 2d 555, 564, 261 N.W.2d 147, 151 (1978).

*By the Court.*—Judgment affirmed.