Viola Leimbach, Plaintiff-Appellant,
v.
Martin A. Kummer, Defendant-Respondent,
Wisconsin Department of Health and Family Services, Involuntary-Defendant,
Meadow View Manor Nursing Home, Intervenor.
No. 03-0067.
Court of Appeals of Wisconsin.
Opinion Filed: February 18, 2004.
Before Brown, Nettesheim and Snyder, JJ.
PER CURIAM.
¶1 Viola Leimbach[1] appeals from a judgment requiring her to sell her interest in real estate to Martin Kummer for $50,000 under an option to purchase triggered by her action for partition of the property. Leimbach argues that the motion for summary judgment was not properly served and that Kummer's motion and supporting affidavit failed to establish a prima facie case for summary judgment. We affirm the judgment.
¶2. Leimbach and Kummer each own a one-half interest in real estate in Sheboygan county. Leimbach commenced this action for partition. Kummer counterclaimed for enforcement of a 1991 option to purchase agreement. By the agreement, Leimbach, as the grantor, agreed to sell her interest in the property to Kummer for $50,000 "[i]f during the life of the Grantor, she should have the desire to sell her interest."[2] In reply to the counterclaim, Leimbach denied that her interest was subject to a valid option to purchase and asserted as affirmative defenses that the option lacked adequate consideration, it was signed under duress, she was incompetent to sign the option, and the option was unconscionable.
¶3. Kummer moved for summary judgment. His affidavit in support of the motion set forth the consideration for the agreement and the circumstances under which the agreement was drafted and reviewed by Leimbach's attorney. He argued that Leimbach's action for partition evidenced her desire to sell the property and thus triggered his right to buy under the option to purchase agreement.
¶4. Leimbach did not file any counter-affidavits or briefs in opposition to the motion for summary judgment. At the motion hearing, Leimbach's counsel acknowledged that he was not aware of the motion until the day before the hearing. Observing that nothing had been filed in opposition to Kummer's motion for summary judgment, the circuit court granted the motion.
¶5. Leimbach argues the motion for summary judgment was not properly served on her attorney. We conclude that any claim of improper service was waived at the commencement of the summary judgment motion hearing.
¶6. Wisconsin Stat. § 801.14(2) permits service on counsel for any party by either delivery or mailing to counsel's last known address; delivery includes handing it to counsel or leaving it at his or her office with a clerk or other person in charge of the office. At the motion hearing, Kummer's attorney was asked if he had anything to indicate that Leimbach's attorney was properly served with the summary judgment motion. Kummer's attorney replied that he had an affidavit of service and that, "It's my understanding that he [Leimbach's attorney] does not dispute that it was properly served upon his office by hand delivery. It's his position that he, however, did not see it." Leimbach's attorney agreed with this representation: "That's correct, your Honor.... I don't have any reason to believe it wasn't delivered." No objection to service of the summary judgment motion was made and the possibility of inadequate service was not explored further at the hearing. We properly decline to review an issue on appeal when the appellant has failed to give the circuit court fair notice that it is raising a particular issue and seeks a particular ruling. State v. Salter, 118 Wis. 2d 67, 79, 346 N.W.2d 318 (Ct. App. 1984). Not only is the issue waived, Leimbach is judicially estopped from asserting a contrary position on appeal. See Coconate v. Schwanz, 165 Wis. 2d 226, 231, 477 N.W.2d 74 (Ct. App. 1991).
¶7. In attempt to avoid waiver, Leimbach argues that the circuit court's finding that there was proper service of the motion was clearly erroneous because Kummer's affidavit of service indicates that the motion was handed directly to Leimbach's attorney rather than just left at the attorney's office as Kummer represented at the hearing. First, the circuit court was not asked to make a finding that service was adequate because no objection was ever raised. Second, Leimbach's contention that the affidavit of service indicated personal service on the attorney is a misrepresentation. The affidavit merely states that the affiant, a staff clerk in the law firm, hand delivered a copy of the motion for summary judgment to: "Herbert C. Humke III [Leimbach's attorney], Neumann, Humke, Moir, Mueller & Bohroffen, S.C., 607 North 8th Street, Suite 400, Sheboygan, WI 53801." The affidavit does not suggest hand delivery directly to Leimbach's attorney because it includes the law firm's name and address. Leimbach's suggestion that a second affidavit of service "claims the motion was served by mail and facsimile" is disingenuous. The referenced affidavit of mailing indicates that the motion for summary judgment was faxed and mailed to counsel for two other parties in the action and made no representation that similar service was used with respect to Leimbach's attorney.[3] Thus, the affidavits of service filed by Kummer did not conflict with the representation that Leimbach was served by hand delivery to counsel's office.
¶8. Finally, Leimbach concedes that her attorney admitted that he had no reason to question delivery to his office without looking at the affidavits of service. She claims that had her attorney been informed that the affidavits conflicted with the representation that delivery had been made to his office, the attorney would have informed the court that he had reason to question service. The claim comes too late. Leimbach cannot be heard to claim for the first time on appeal that she was effectively denied the opportunity to contest proper service of the motion for summary judgment.
¶9. Our review of the circuit court's grant of summary judgment is de novo, and we use the same methodology as the circuit court. M & I First Nat'l Bank v. Episcopal Homes Mgmt., Inc., 195 Wis. 2d 485, 496-97, 536 N.W.2d 175 (Ct. App. 1995). That methodology is well known, and we need not repeat it here. Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.
¶10. Leimbach first argues that the circuit court erroneously concluded that in the absence of any counter-affidavits or written opposition to Kummer's motion, it had no choice but to grant the motion without an independent evaluation of whether a prima facie case was established.[4] We need not address whether the circuit court utilized proper summary judgment methodology. Our review is de novo.
¶11. We turn to the dispositive issue: whether Leimbach's complaint for partition evidences a desire to sell the property and triggers Kummer's right to purchase under the option to purchase agreement.[5] We need not look any further than Leimbach's complaint itself. In her prayer for relief, Leimbach seeks a judgment "[f]or sale of the premises if it shall appear that a partition cannot be made without prejudice to the owners, and that the proceeds of the sale may be brought into court and divided among the parties according to their respective rights and interest." The complaint contemplates possible sale of the property to affect the severance of the parties' interests.[6] Since Leimbach was willing to accept sale of the property and proceeds as a possible remedy, the filing of her action for partition evidenced her desire to sell her one-half interest. Although the prayer for relief may not be a factual averment, it permits the inference of Leimbach's intent. "[T]he prayer for relief may be referred to in determining the character of the action." Shelstad v. Cook, 77 Wis. 2d 547, 555, 253 N.W.2d 517 (1977). As a matter of law, Leimbach was willing to sell her interest and Kummer's option to purchase was triggered.
By the Court.Judgment affirmed.
NOTES
[1] On June 17, 2003, a statement of the facts of death was filed by the respondent indicating that Viola Leimbach died on June 1, 2003. See Wis. Stat. § 803.10(1) (2001-02). An order of January 12, 2004, determined that the statement was ineffective to trigger a ninety-day period for substitution of party and that the appeal was not subject to dismissal for the failure to make the substitution. On February 10, 2004, a statement of the facts of death was properly filed and served. The ninety-day period for substitution of party has not yet expired. Thus, Leimbach remains the proper party designation in this appeal. All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] The agreement also gave Kummer the option to purchase Leimbach's one-half interest for $50,000 after Leimbach's death.
[3] Counsel for the other parties was located outside the city of Sheboygan making hand delivery impractical.
[4] When Kummer attempted to argue against the motion for summary judgment the circuit court referenced a local court rule regarding the time for responding to the motion and replied, "No you aren't entitled. You have to file the paperwork within the requisite period or I cannot allow you to circumvent the time period by now coming to court and making an argument against the motion. Your opportunity to be heard has passed." Moments later the court observed that no opposition was timely filed and remarked, "I have to treat it as if it doesn't exist and that there is no objection to the motion. That is clearly what I have to do. That is what I will do because that's what the rule says." Leimbach's attorney pressed for the basis of the court's ruling: "So, if I understand correctly, the Court is not finding that as a matter of law she attempted to sell it to anybody. The court is granting the request simply because a motion was filed and no counter affidavit was filed." The court's response: "That is correct." In response to Kummer's request for clarification the court stated, "I grant your motion for the reasons stated in your motion. I make no independent finding based on any facts other than the fact that you filed a motion that says that and for no other reason. There are no other facts for the Court to consider. If there were, we'd set it for trial." The court characterized its decision as a "procedural decision and not a decision on the facts per se because there are no facts for the court to consider."
[5] We, like the circuit court, must accept the uncontroverted factual statements in Kummer's affidavit as to consideration and the circumstances surrounding execution of the option to purchase agreement. See Town of Delafield v. Sharpley, 212 Wis. 2d 332, 341, 568 N.W.2d 779 (Ct. App. 1997) (failure to oppose moving party's affidavits signals that the evidentiary facts are undisputed); Wis. Stat. § 802.08(3) (adverse party may not rest upon mere allegations or denials in the pleadings). "A prima facie case is established only when evidentiary facts are stated which if they remain uncontradicted by the opposing party's affidavits resolve all factual issues in the moving party's favor." Walter Kassuba, Inc. v. Bauch, 38 Wis. 2d 648, 655, 158 N.W.2d 387 (1968). Thus, it is uncontroverted that the agreement is enforceable.
[6] "In a simple case, a partition action serves to separate the partial and shared interests of more than one person in one property into distinct interests for each person in different properties." Reckner v. Reckner, 105 Wis. 2d 425, 428 n.6, 314 N.W.2d 159 (Ct. App. 1981).