**COURT OF APPEALS
DECISION
DATED AND FILED**

**June 4, 2025**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2024AP343**

STATE OF WISCONSIN

Cir. Ct. No. 2023CV96

IN COURT OF APPEALS
DISTRICT II

TOWN OF VINLAND,

　PLAINTIFF-RESPONDENT,

V.

LOREN'S AUTO RECYCLING, LLC AND LORENZ RANGELOFF,

　DEFENDANTS-APPELLANTS.

　　　　　APPEAL from an order of the circuit court for Winnebago County: TERESA S. BASILIERE, Judge. *Affirmed.*

　　　　　Before Gundrum, P.J., Grogan, and Lazar, JJ.

　　　　　**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM. Loren's Auto Recycling, LLC[1] appeals from an order granting summary judgment in favor of the Town of Vinland. The order required Loren's Auto to abate a public nuisance. On appeal, Loren's Auto argues the circuit court erred by granting judgment in favor of the Town because the Town failed to establish the existence of a public nuisance and Loren's Auto's liability for abatement. Loren's Auto also argues various equitable defenses bar summary judgment. We reject Loren's Auto's arguments and affirm.

## BACKGROUND

¶2      In 2020, Loren's Auto purchased a vehicle salvage yard located in the Town. Loren's Auto purchased the property with the expectation that it would continue to operate a vehicle salvage yard on the property. The Town's ordinances require an owner/operator to obtain a salvage yard permit and a conditional use permit ("CUP") before operating a salvage yard. To facilitate Loren's Auto's vehicle-salvage-yard operation, in 2020, the Town issued Loren's Auto a salvage yard permit and a provisional CUP. The provisional CUP outlined conditions that Loren's Auto was required to complete and/or comply with by September 2021.

¶3      Ultimately, Loren's Auto did not complete and/or comply with the conditions in the provisional CUP. In 2021, the Town notified Loren's Auto that it would not renew its salvage yard permit. It also terminated the CUP. Loren's

---

[1] Lorenz Rangeloff, owner of Loren's Auto Recycling, LLC, is also named as a defendant-appellant in this appeal. However, Loren's Auto advises this court that "this appeal is brought only by Loren's Auto because it is the only party adversely affected by the challenged order."

Auto appealed the Town's decision, and, in December 2022, the circuit court affirmed the Town's actions. Loren's Auto did not appeal that determination.

¶4    On February 2, 2023, the Town sent notice to Loren's Auto. The notice provided:

> Pursuant to [Town of Vinland Ordinance] Section 284-6 B, this letter is being submitted to you to put you on notice that the salvage business operations being conducted [on your property] constitutes a public nuisance in violation of § 284-1 and 284[-]2 of the Town of Vinland Ordinances.
>
> This salvage operation is being conducted without proper State and County permits, which have resulted in the termination of the previously granted Town of Vinland Conditional Use Permit and Town of Vinland salvage license. In addition, these violations have continued for more than a one[-]year time period.
>
> You are hereby required to abate the nuisance by stopping the business and by removing all salvage items from the property within three (3) days from receiving this letter, and unless this nuisance is so abated the Town shall have the right to abate the nuisance and charge the cost of doing so to the owner, occupant, and/or person causing, permitting, or maintaining the nuisance.

¶5    The Town later brought suit against Loren's Auto. As relevant, the complaint alleged that Loren's Auto was operating a salvage yard without a salvage-yard permit and a CUP in violation of the Town's ordinances. The complaint stated there were "an estimated number of 1,500 wrecked, damaged, and inoperable motor vehicles … on the [p]roperty in various stages of damage and general deterioration[.]" The complaint alleged:

> these damaged, deteriorated, wrecked, and junked vehicles present serious and dangerous risks of various fluid leakages to surface stormwater, soil, and ground water contamination if proper safeguards are not implemented. To date such safeguards have not been implemented, putting the property, groundwater, stormwater, and

3

neighboring properties at risk due to unregulated environmental hazards[.]

The complaint also alleged the business being conducted by Loren's Auto on the property was "a public nuisance prohibited by Town Ordinances §§ 284-1 and 284-2."

¶6     The complaint requested the circuit court enjoin Loren's Auto from continued operations and to abate the nuisance by removing the wrecked and damaged vehicles from its property.  In the event that Loren's Auto failed to abate the nuisance, the Town also asked the court to authorize the Town to abate the nuisance and recover the costs of abatement against Loren's Auto.

¶7     Loren's Auto answered the complaint.  As relevant, it specifically denied that "any salvage operation [was] being conducted on the Property."  It also alleged, as affirmative defenses, that the Town "is estopped to take the actions contemplated in the Complaint" and the Town's "claims may be barred by laches."  Loren's Auto did not plead any facts in support of its affirmative defenses.

¶8     In August 2023, the Town moved for summary judgment.  It emphasized its complaint sought "equitable relief … on grounds of nuisance and violation of the Town zoning laws" and sought "the remedy of abatement, termination of business operations, and removal of the junked and wrecked vehicles from the site."

¶9     In support, the Town attached an affidavit from the Town Chairman, Don O'Connell.  O'Connell averred he had viewed and was familiar with Loren's Auto's property.  He averred the property "is an auto salvage yard on which [Loren's Auto is] storing an estimated 1,500 wrecked and salvaged motor

vehicles." O'Connell attached aerial photographs of the vehicles on the property. O'Connell averred Loren's Auto has "continued storing the junked, salvaged, and inoperable vehicles on the site without a Conditional Use Permit and without a salvage/junkyard license." O'Connell explained the Town's zoning ordinances prohibited storing wrecked or junked vehicles, *see* TOWN OF VINLAND, WIS., CODE § 410-32 B. (8) (2024),[2] and state statute also prohibited storing junked vehicles without a permit issued by the Town, *see* WIS. STAT. § 175.25(1) (2023-24).[3] According to O'Connell, the wrecked and salvaged vehicles "create environmental hazards due to fuel, oil, and other lubricants and pollutants that may escape from these vehicles and enter the ground, the groundwater, and the stormwater systems in Town ditches thereby affecting other properties."

¶10    Loren's Auto filed a brief in opposition to summary judgment. Loren's Auto generally offered three arguments in opposition to summary judgment—two are relevant for appeal.[4] Loren's Auto argued summary judgment was improper because there were genuine issues of material fact as to whether it was operating a vehicle salvage yard on the property and whether its property posed an environmental threat to surrounding properties. In support, it offered an affidavit from Lorenz Rangeloff, owner of Loren's Auto, who averred that, once

---

[2] All references to the Town of Vinland Municipal Code are to the 2024 version. The Town's Code is available at https://ecode360.com/VI3589 (last visited May 8, 2025).

[3] All references to the Wisconsin Statutes are to the 2023-24 version.

[4] The third argument was that judgment against Loren's Auto's owner, Lorenz Rangeloff, was improper because Loren's Auto was a distinct legal entity and nothing would make Rangeloff personally liable for the Town's requested remedies. At the summary judgment hearing, the Town agreed to "dismiss the claim about the nuisance and the junkyard violation against [Rangeloff] individually." The circuit court therefore determined its summary judgment order "does not apply personally to Lorenz Rangeloff."

the Town revoked the CUP and refused to renew its salvage license, Loren's Auto "ceased its salvage business." Rangeloff also averred that on July 26, 2023, the Department of Natural Resources issued a storm water permit and that Loren's Auto was "fully prepared to fulfill the continued monitoring that is contemplated in the permit."

¶11    The Town filed a reply. As relevant, the Town argued that Loren's Auto's opposition to summary judgment did not demonstrate a genuine issue of material fact. The Town asserted that, even if Loren's Auto was no longer engaged in salvage operations on the property, it was still storing junked vehicles on the property without a CUP or a salvage yard permit. The Town argued that storing junked or wrecked vehicles on the property violated the Town's zoning ordinance prohibiting the "storage of junked or wrecked vehicles." TOWN OF VINLAND, WIS., CODE § 410-32 B. (8). The Town also argued storing junked automobiles without a permit violated the Wisconsin statutes. *See* WIS. STAT. § 175.25(1).[5] And, as relevant to this appeal, the Town argued:

> Town Ordinance 284-1 and 284-2 prohibit public nuisances (Complaint paragraphs 19 and 22) and more specifically 284-3, subsection O, defines "junked vehicles" to be a public nuisance, the only exception being if a CUP is in place, which it is not[.]

*See* TOWN OF VINLAND, WIS., CODE §§ 284-1 to 284-3. As to Loren's Auto's assertion it had obtained a permit from the DNR, the Town contended Loren's Auto's belated storm water permit was irrelevant because a different circuit court

---

[5] WISCONSIN STAT. § 175.25(1) provides, in relevant part: "No person … shall accumulate or store any junked automobiles or parts thereof outside of any building on any real estate located within the corporate limits of any … town except upon a permit issued by the … town board."

had already affirmed the Town's revocation of the salvage yard permit and CUP and Loren's Auto still had other, unsatisfied CUP provisions.

¶12     The circuit court scheduled a summary judgment hearing.  At the beginning of the hearing, the court advised the parties that the purpose of the hearing would be for the parties to make additional arguments and for the court to ask questions.  The court stated it would issue a decision at a later date.  During the hearing, the following exchange occurred between Loren's Auto's counsel and the court:

> THE COURT: All right.  [Counsel], I had a couple questions on your brief.  You spent a fair amount of time elaborating that [Loren's Auto wasn't] really operating a business on the grounds.  However -- and in [the Town's] brief they defined -- the regulations define -- basically, the ordinance define[s] the definition of junked vehicles.  You're not disputing that there are junked vehicles on this land.
>
> [Loren's Auto's Counsel]: No.
>
> THE COURT: All right.  And so -- and it does appear that the statute prohibits storage of junked automobiles.  The remedy of that would be by getting a license or conditional use permit; correct?
>
> [Loren's Auto's Counsel]: Yes.
>
> THE COURT: Okay.  And you don't dispute that your client doesn't have that.
>
> [Loren's Auto's Counsel]: No.

¶13     At an oral decision, the circuit court granted summary judgment in favor of the Town.  In a written order, the court provided:

> The Court finds there are no issues of material fact and that Town ordinance 410-32B prohibits the storage of junk vehicles without a junkyard license and further than that a conditional use permit is required for such storage.  There is no dispute that there are junk vehicles stored on the property.  There was a previous decision in Winnebago

County case number 21 CV 749 whereby Judge John J. Jorgensen dismissed the Defendants petition for certiorari, the effect of which was of the validation of the termination of the Conditional Use Permit and Junkyard License by the Town.

The court further finds that these junk vehicles constitute a nuisance that must be abated by the Defendant Loren's Auto Recycling, LLC by removal of the junk vehicles from the property no later than November 11th, 2024, and that if not removed by the defendant the Town shall be granted the right to both sell and have the vehicles removed, by any reasonable commercial means, and the Town may reimburse itself for all costs and expenses related to the removal and sale, upon filing the appropriate affidavit with supporting documentation for those expenses with the Court.

The Court further finds that all costs and expenses incurred by the Town for the removal and sale of the junk vehicles to the extent not reimbursed in full from proceeds of sale shall constitute a special charge for municipal services under [Wis. Stat. § 66.0627] as a lien on the real estate where the junk vehicles are stored.

¶14 Loren's Auto appeals.

## DISCUSSION

¶15 On appeal, Loren's Auto argues the circuit court erred by granting judgment in favor of the Town because the Town failed to establish the existence of a public nuisance and Loren's Auto's liability for abatement. Loren's Auto also argues various equitable defenses bar summary judgment.

¶16 We independently review the circuit court's grant of summary judgment by applying the same standards and methods utilized by the circuit court, and benefiting from its analysis. *Physicians Plus Ins. Corp. v. Midwest Mut. Ins. Co.,* 2002 WI 80, ¶18, 254 Wis. 2d 77, 646 N.W.2d 777. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2).

¶17 There are three elements for a tort claim for public nuisance: (1) the existence of a public nuisance; (2) actual or constructive notice of the nuisance; and (3) causation. *Physicians Plus*, 254 Wis. 2d 77, ¶2. We address each element in the context of Loren's Auto's arguments.

¶18 Loren's Auto first argues the circuit court erred by granting summary judgment because the Record "contains no evidence that any nuisance exists." (Emphasis omitted.) When determining whether a public nuisance exists, "[t]he circuit court's inquiry appropriately focuses on the dangerous condition, and whether it meets the definition of public nuisance." *Id.*, ¶28.

¶19 In this case, we will start with the definition of "public nuisance" as stated in the Town's ordinances. *See Town of Rhine v. Bizzell*, 2008 WI 76, ¶67, 311 Wis. 2d 1, 751 N.W.2d 780 (circuit courts use municipality's definition of public nuisance). The Town defines a "public nuisance" as

> a thing, act, occupation, condition or use of property which shall continue for such length of time as to:
>
> A. Substantially annoy, injure or endanger the comfort, health, repose or safety of the public;
>
> B. In any way render the public insecure in life or in the use of property;
>
> C. Greatly offend the public morals or decency;
>
> D. Unlawfully and substantially interfere with, obstruct or tend to obstruct or render dangerous for passage any street, alley, highway, navigable body of water or other public way or the use of public property.
>
> E. Any condition or use of premises or of building exteriors which is detrimental to the property of others or

9

> which causes or tends to cause substantial diminution in the value of other property in the neighborhood in which such premises are located.

TOWN OF VINLAND, WIS., CODE, § 284-2. The Town has further declared a "public health nuisance[]" to include:

> Junked vehicles. Disassembled, dismantled, partially dismantled, inoperable, junked, wrecked or unlicensed motor vehicles, truck bodies, tractors, trailers, boats or campers in such state of physical or mechanical ruin as to be incapable of propulsion or of being operated upon the public streets, highways or waters.

TOWN OF VINLAND, WIS., CODE, § 284-3(O).

¶20 Loren's Auto argues the Town failed to put forth sufficient facts that junked vehicles constitute a public nuisance. It contends "the Town needed to present evidence that the presence of junked vehicles substantially, unreasonably, or unduly interferes with the use of a public place or with the activities of an entire community." Loren's Auto also argues that, because it has obtained a storm water discharge general permit from the DNR, there is a genuine dispute of material fact as to whether the vehicles on Loren's Auto's property constitute an environmental nuisance.

¶21 However, "[m]unicipalities have broad authority through their police powers to protect 'the health, safety, and welfare' of their residents, including the ability to define and take action against public nuisances." *City of S. Milwaukee v. Kester*, 2013 WI App 50, ¶9, 347 Wis. 2d 334, 830 N.W.2d 710 (citation omitted); *see also* *Town of Delafield v. Sharpley*, 212 Wis. 2d 332, 338, 568 N.W.2d 779 (Ct. App. 1997) ("The police power of a municipality extends to declaring certain acts or conditions to be a public nuisance."). When a municipality has enacted an ordinance that defines a public nuisance, "[circuit]

courts should not interfere in this determination absent a showing of 'oppressiveness or unreasonableness.'" *Kester*, 347 Wis. 2d 334, ¶9 (citing *Boden v. City of Milwaukee*, 8 Wis. 2d 318, 325, 99 N.W.2d 156 (1959)).

¶22 Here, the Town has specifically defined a public health nuisance to include junked vehicles. Based on its enacted nuisance ordinance, the Town was not required to separately prove that the presence of junked vehicles interfered with the public or harmed the environment. We also observe that in the circuit court, Loren's Auto made no argument that the Town's prohibition against storing junked vehicles was "oppressive or unreasonable."

¶23 In its appellate brief, Loren's Auto complains that the Town did not advise the circuit court until its summary judgment reply brief that, within its nuisance code, it had specifically declared junked vehicles to be a public health nuisance. *See* TOWN OF VINELAND, WIS., CODE, § 284-3(O). In Loren's Auto's appellate reply brief to this court, it argues that because § 284-3(O) "never appeared in the Complaint nor in any notice provided to Loren's Auto," the Town's pleading was deficient and the Town was not permitted to rely on this specific nuisance ordinance in support of its summary judgment argument.

¶24 We disagree. First, as the circuit court advised the parties, the purpose of the summary judgment hearing was for the parties to make additional arguments and for the court to ask questions; the court's decision would be issued at a later date. At the hearing, Loren's Auto made no argument regarding the Town's purported belated reference to its specific nuisance ordinance, TOWN OF VINELAND, WIS., CODE, § 284-3(O). Instead, at that hearing, Loren's Auto admitted there were junked vehicles on the property and their presence was prohibited without a permit. We disagree with Loren's Auto's assertion that it did

11

not have an opportunity in the circuit court to meaningfully respond to the Town's reliance on § 284-3(O).

¶25 As for the Town's pleading, pursuant to WIS. STAT. § 802.02(1)(a), pleadings shall contain "[a] short and plain statement of the claim, identifying the transaction or occurrence or series of transactions or occurrences out of which the claim arises and showing that the pleader is entitled to relief." Here, the Town's complaint alleged there were approximately "1,500 wrecked, damaged, and inoperable motor vehicles … on the Property" and the "operation being conducted by Loren's Auto at the Property has and continues to constitute a public nuisance prohibited by … [TOWN OF VINELAND, WIS., CODE,] §§ 284-1 and 284-2[.]" Although the Town's pleading did not specifically reference the more specific public nuisance ordinance, TOWN OF VINELAND, WIS., CODE, § 284-3, "what controls whether a complaint properly states a claim for relief are the factual allegations pled in the complaint, and not the causes of action that are explicitly identified in the complaint." *Hubbard v. Neuman*, 2024 WI App 22, ¶16, 411 Wis. 2d 586, 5 N.W.3d 852, *review granted*, 2024 WI 40, 15 N.W.3d 24. The Town's complaint demonstrates it was seeking an injunction and abatement pursuant to its nuisance code because there were junked vehicles on Loren's Auto's property.

¶26 Based on the Town's definition of a public nuisance, we next review the Town's evidence that Loren's Auto maintained a public nuisance. On appeal, Loren's Auto argues O'Donnell's affidavit only establishes that there were salvaged vehicles on the property and it is unclear whether those vehicles meet the Town's definition of junked vehicles. Loren's Auto also complains the aerial photographs submitted by the Town were undated and therefore do not establish that junked vehicles were on the property.

¶27     Although Loren's Auto offers criticisms of the Town's summary judgment evidence, Loren's Auto never raised these critiques in the circuit court or disputed the Town's allegations or evidence that there were junked vehicles on the property. Most significantly, at the summary judgment hearing, counsel for Loren's Auto unequivocally admitted to the court there were junked vehicles on the property. We therefore conclude the Record sufficiently establishes the first element of a public nuisance claim—the existence of a public nuisance. *Physicians Plus*, 254 Wis. 2d 77, ¶2.

¶28     Loren's Auto next appears to offer an equitable defense to the existence-of-a-public-nuisance element. It asserts "to the extent the Town is deemed to have submitted any competent evidence to allow a nuisance finding, the Record contains a genuine dispute over a material fact." Specifically, Loren's Auto asserts that "[t]he Town's decades-long acquiescence to the … Property's use as for vehicle salvage and junkyard operations creates a prima facie case that the vehicles present no substantial, unreasonable, or undue interference with the use of a public place or with the activities of the entire Town community."

¶29     This argument was not made in Loren's Auto's brief in opposition to summary judgment, and it is therefore forfeited. *See Gruber v. Village of N. Fond du Lac*, 2003 WI App 217, ¶27, 267 Wis. 2d 368, 671 N.W.2d 692 ("Although this court engages in summary judgment review de novo, we nonetheless may apply [forfeiture] to arguments presented for the first time on appeal."); *see also Hopper v. City of Madison*, 79 Wis. 2d 120, 137, 256 N.W.2d 139 (1977) ("It is the practice of this court not to consider issues raised for the first time on appeal since the [circuit] court has had no opportunity to pass upon them."). In any event, we observe "estoppel will not lie against a municipality so as to bar it from enforcing an ordinance enacted pursuant to the police power."

*City of Milwaukee v. Milwaukee Amusement, Inc.*, 22 Wis. 2d 240, 253, 125 N.W.2d 625 (1964).

¶30    Turning to the second element of a public nuisance claim—actual or constructive notice of the nuisance, *see Physicians Plus*, 254 Wis. 2d 77, ¶2, Loren's Auto does not dispute on appeal that it did not have actual or constructive notice of the nuisance. We also observe the Record establishes the Town sent notice of the violation to Loren's Auto before commencing the underlying lawsuit, and Loren's Auto admitted there were junked vehicles on the property.

¶31    The third element of a public nuisance claim requires proof that failure to abate the nuisance was a cause of the plaintiff's injuries. *Id.*, ¶30. On appeal, Loren's Auto argues that "[n]othing in the Record can support a finding that Loren's Auto engaged in any 'wrongful act' sufficient to sustain liability for the abatement." It asserts that after its salvage license and CUP lapsed, "Loren's Auto ceased all salvage and junkyard operations at the [property]."

¶32    Assuming, for purposes of summary judgment, that Loren's Auto ceased operating a vehicle salvage yard, this does not change the undisputed fact that Loren's Auto continued to store junked vehicles on its property and therefore violated the Town's public nuisance ordinance. As stated previously, the Town has the power to enact and enforce its public nuisance ordinance for the "good order of the [Town], for its commercial benefit and for the health, safety, welfare and convenience of the public[.]" *See* WIS. STAT. § 61.34(1); *see also* WIS. STAT. § 60.22(3); TOWN OF VINLAND, WIS., CODE § 122-2. The harm in this case is caused by the existence of the nuisance which is by definition a harm to the health of those who live in the Town.

¶33 Loren's Auto then argues that "[a]lternatively, even if liability can be sustained on this Record, Loren's Auto is still entitled to have any such liability apportioned based on its share of responsibility in creating or maintaining the subject nuisance." Loren's Auto asserts that because the previous owners operated a vehicle salvage yard on the property, it is entitled to "fact finding and potentially a trial to determine" which vehicles on its property were put there by the previous owners and to apportion liability accordingly.

¶34 We reject this alternative argument. The argument was not made in Loren's Auto's brief in opposition to summary judgment, and it is therefore forfeited. *See Gruber*, 267 Wis. 2d 368, ¶27; *see also Hopper*, 79 Wis. 2d at 137. Moreover, the previous owners are not a party to this case, and Loren's Auto never attempted to plead them into this action. We also observe that when answering the Town's complaint, Loren's Auto made an unqualified admission that it owned the property at issue in this case. We do not consider this argument further.

¶35 Finally, Loren's Auto asserts two affirmative defenses—laches and equitable estoppel—should apply to bar the Town's current action. Again, these arguments were never made in Loren's Auto brief in opposition to summary judgment, and we conclude they are forfeited. *See Gruber*, 267 Wis. 2d 368, ¶27; *see also Hopper*, 79 Wis. 2d at 137.

¶36 In the end, we conclude the Town presented sufficient credible evidence to establish Loren's Auto violated the underlying ordinances and maintained a public nuisance. Accordingly, we affirm the circuit court.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.